# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APPLE INC.<br>   Movant,<br><br> v.<br><br>OMNI BRIDGEWAY (USA) LLC<br><br>   Respondent. | Misc. Case No.<br>_____<br><br>(*MPH v. Apple Inc.*, Case No. 3:18-cv-05935-TLT; pending in U.S.D.C. N.D. Cal.) |

## APPLE INC.'S MOTION FOR LEAVE TO FILE UNDER SEAL

Movant Apple Inc. ("Apple"), by and through its undersigned counsel, seeks leave to file its Opening Brief in Support of its Motion to Compel Compliance with Subpoena to Omni Bridgeway LLC (the "Opening Brief") as well as certain exhibits to the brief under seal pursuant to Federal Rule of Civil Procedure 5.2(d) and the Local Rules of Civil Practice and Procedure of this District. In support of this motion, Apple states as follows:

  1. Contemporaneously with the filing of this motion, Apple files its Motion to Compel Compliance with Subpoena to Omni Bridgeway LLC ("Omni"), proposed order, and supporting declarations.

  2. Apple's Motion and Opening Brief is based in part on certain information learned in discovery in the underlying litigation *MPH Techs. Oy v. Apple, Inc.,* C.A. No. 3:18-cv-05935-TLT (N.D. Cal.). Plaintiff in the underlying litigation ("MPH") designated this information learned during discovery as highly confidential, and the Opening Brief relies on the substance of this disclosure.

3. Courts generally recognize a presumption in favor of public access to judicial records and documents; however, the presumption is not absolute. *See Littlejohn v. Bic Corp.*, 851 F.2d 673, 678 (3d Cir. 1988) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). A party can overcome this presumption by demonstrating good cause. *See Mosaid Techs. Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 507 (D. Del. 2012). Good cause can be established by showing that "disclosure [of a record or document] will work a clearly defined and serious injury to" the party seeking to seal that record or document. *Id.* (citation omitted). The good cause standard involves "a balancing process, in which courts weigh the harm of disclosing information against the importance of disclosure to the public." *Id.* at 508. Courts have broad authority under this balancing test to seal documents and should do so "'when justice so requires,' provided the party requesting sealing demonstrates that the 'interest in secrecy outweighs the presumption' of access." *In re Motions for Access of Garlock Sealing Techs. LLC*, 488 B.R. 281, 299-300 (D. Del. 2013) (citation omitted).

4. The good cause standard is met here, at least until MPH and/or the respondent in this action, Omni, can be heard on this issue, because MPH disclosed that information as highly confidential.

5. Out of an abundance of caution, to ensure the Motion is afforded a filing date of July 3, 2024, Apple files herewith the Motion to Compel and the non-confidential papers associated with the motion. Concurrently, Apple will serve the confidential versions of the motion, brief, and associated papers on counsel for Omni today.

6. WHEREFORE, Apple respectfully requests leave of the Court to file the Opening Brief in Support of its Motion to Compel Compliance with Subpoena to Omni Bridgeway LLC as well as one exhibit relying on that confidential information under seal. Apple represents that,

as soon as practicable, Apple will meet and confer with MPH's and Omni's counsel to file a public version of the motion and all supporting papers.

Dated: July 3, 2024

Respectfully submitted,

**DLA PIPER LLP (US)**

*/s/ Brian A. Biggs*
Brian A. Biggs (DE Bar No. 5591)
1201 North Market Street, Suite 2100
Wilmington, DE 19801-1147
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
brian.biggs@us.dlapiper.com

*Attorney for Movant Apple Inc.*

1611340730.1