

DLA Piper LLP (US)
1201 North Market Street
Suite 2100
Wilmington, Delaware 19801-1147
www.dlapiper.com

Brian Biggs
brian.biggs@us.dlapiper.com
T  302.468.5661
F  302.778.7813

July 15, 2024
*VIA CM/ECF AND HAND DELIVERY*

Chief Judge Colm F. Connolly
J. Caleb Boggs Federal Building
844 N. King Street
Unit 31
Room 4124
Wilmington, DE 19801-3555

**Re:   In Re: Omni Bridgeway LLC, C.A. No. 1:24-mc-00330-CFC**

Dear Chief Judge Connolly:

Movant Apple Inc. hereby responds to Respondent Omni Bridgeway (USA) LLC's July 12, 2024 letter (D.I. 11).  In Omni's Letter, Omni requests expedited briefing on its motion to transfer and requests a stay of briefing on Apple's motion to compel.  The parties had not completed the meet and confer on these requests when Omni submitted its letter.

To give the Court some context, Apple's motion to compel seeks discovery from Omni, which holds itself out as a litigation funder (https://omnibridgeway.com/).  *See also* D.I. 3; D.I. 6 (subpoena); D.I. 5, Ex. B (Omni's objections and responses).  Specifically, Apple seeks documents and testimony related to Omni's relationship with MPH Technologies, a non-practicing patent owner that filed a patent infringement lawsuit against Apple in the Northern District of California, Omni's involvement in that lawsuit, and communications between Omni and MPH and others related to that lawsuit.  This discovery is relevant to the issues in the underlying litigation for the reasons discussed in Apple's opening brief.  D.I. 3.

Apple opposes Omni's motion to transfer, and Omni's cross motion should not unduly delay resolution of Apple's first-filed motion to compel.  Apple proposes that the briefing on Apple's motion to compel and the briefing on Omni's cross motion to transfer occur in parallel.  This is consistent with the Court's practice in



*In re Bestwall*, in which the Court ordered briefing on both the motion to quash and the motion to transfer to occur in tandem.  C.A. No. 21-mc-141-CFC, D.I. 11.

Apple's proposal is the most efficient and best preserves the Court's and the parties' resources, regardless of the outcome of Omni's motion to transfer.  If the Court denies the motion to transfer, Apple's proposal will allow the Court to decide the motion to compel either concurrently or at the Court's convenience thereafter.  If the Court grants the motion to transfer, under Apple's proposal, the transferee court will benefit by receiving the complete briefing on the motion to compel.  Omni's proposal, on the other hand, injects unnecessary delay into the briefing, and will likely delay resolution of Apple's motion to compel.  Omni has not provided any facts to support staying Apple's first-filed motion in favor of Omni's cross motion.

Accordingly, Apple respectfully requests the Court deny Omni's request to stay briefing on Apple's motion to compel.  While Apple did not request expedited briefing on its motion to compel, if the Court is inclined to expedite the proceedings here, Apple does not oppose Omni's request for expedited treatment so long as Apple's motion to compel is expedited as well.

Counsel is available at the Court's convenience should you have any questions.

Respectfully submitted,

Brian Biggs (DE Bar No. 5591)

BB: