# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

APPLE INC.

           Movant,

    v.

OMNI BRIDGEWAY (USA) LLC

           Respondent.

)
)
)
)
)
)
)
)
)
)
)
)

Public Version Filed:
July 18, 2024

Misc. Case No. 24-mc-330-CFC

(*MPH v. Apple Inc.*, Case No. 3:18-cv-05935-TLT; pending in U.S.D.C. N.D. Cal.)

## APPLE INC.'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO COMPEL COMPLIANCE WITH SUBPOENA TO OMNI BRIDGEWAY LLC

## TABLE OF CONTENTS

**Page**

I.      Introduction ........................................................................................................1

II.     Background .........................................................................................................2

III.    Legal Standards ..................................................................................................4

IV.     Argument ............................................................................................................5

      A.      Discovery From Omni Is Relevant And Important To Multiple Issues In The Underlying Lawsuit. .................................................................................5

            1.      Discovery From Omni Is Relevant To Patent Valuation, Patent Damages, And Potential Settlement. ..........................................................5

            2.      Discovery From Omni Is Relevant To MPH's Standing To Sue And Its Pre-Suit Diligence. ..........................................................................8

            3.      Discovery From Omni Is Relevant To MPH's Financial Resources And To Refute A "David Versus Goliath" Trial Theme. ............................9

            4.      Discovery From Omni Is Relevant To The Core Merits Issues Of Patent Infringement And Validity............................................................10

      B.      The "Amount In Controversy" Factor Of Rule 26(b)(1) Strongly Favors Compelling The Requested Discovery From Omni..........................................11

      C.      Under Rule 26(b)(1), The Parties' Relative Access To The Requested Information Favors Compelling Discovery From Omni. .....................................12

      D.      Omni Has Not And Cannot Support Its Privilege Claims, Nor Has Omni Provided A Privilege Log. .....................................................................................12

      E.      The Burden Or Expense Of The Proposed Discovery Does Not Outweigh Its Likely Benefit. ................................................................................................13

V.      Conclusion ........................................................................................................14

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*3rd Eye Surveillance, LLC v. U.S.*,
　158 Fed. Cl. 216 (Fed. Cl. 2022) .............................................................................8

*AbbVie Inc. v. Boehringer Ingelheim Int'l GmbH*,
　C.A. No. 17-cv-1065-MSG, 2018 WL 2337133 (D. Del. May 23, 2018)..............................13

*Acceleration Bay LLC v. Activision Blizzard, Inc.*,
　C.A. No. 16-453-RGA, 2018 WL 798731 (D. Del. Feb. 9, 2018) ..........................5, 8, 10, 13

*Best Buy Stores, L.P. v. Manteca Lifestyle Ctr., LLC*,
　C.A. No. 2:10-cv-0389-WBS-KJN, 2011 WL 2433655 (E.D. Cal. June 14,
　2011) .............................................................................................................7

*Cash Today of Texas, Inc. v. Greenberg*,
　C.A. No. 02-mc-77-GMS, 2002 WL 31414138 (D. Del. Oct. 23, 2002) ..................................5

*Cirba Inc. v. VMware, Inc.*,
　C.A. No. 19-742-GBW (D. Del. Apr. 18, 2023) (D.I. 1725)................................................5, 9

*Cont'l Cirs. LLC v. Intel Corp.*,
　435 F. Supp. 3d 1014 (D. Ariz. 2020) .....................................................................9

*Electrolysis Prevention Sols. LLC v. Daimler Truck N. Am. LLC*,
　C.A. No. 3:21-cv-00171-RJC-WCM, 2023 WL 4750822 (W.D.N.C. July 24,
　2023) .............................................................................................................7

*In re FourWorld Cap. Mgmt. LLC*,
　C.A. No. 23-cv-1460-GBW, 2024 WL 1637400 (D. Del. Apr. 16, 2024) ...............................5

*Gamon Plus, Inc. v. Campbell Soup Co.*,
　C.A. No. 1:15-cv-08940, 2022 WL 18284320 (N.D. Ill. May 26, 2022)..............................6, 8

*Hyosung (Am.), Inc. v. Hantle, Inc.*,
　C.A. No. 10-cv-2160-SBA-NJV, 2011 WL 13153990 (N.D. Cal. Sept. 20,
　2011) .............................................................................................................7

*Impact Engine, Inc. v. Google LLC*,
　No. 19-cv-1301-CAB-DEB, 2020 U.S. Dist. LEXIS 145636 (S.D. Cal. Aug.
　12, 2020) .....................................................................................................9, 10

*Intel Corp. v. Protection Capital LLC*,
    C.A. No. 13-cv-1685-GPC-NLS, 2013 WL 12313348 (S.D. Cal. Oct. 2, 2013) ...............7, 11

*Johns Hopkins Univ. v. Cellpro*,
    160 F.R.D. 30 (D. Del. 1995) ..................................................................................7

*Kilgore v. Clavijo*,
    C.A. No. 17-cv-04786-JST, 2021 WL 11680838 (N.D. Cal. Oct. 21, 2021) ............................4

*Leader Techs., Inc. v. Facebook, Inc.*,
    719 F. Supp. 2d 373 (D. Del. 2010)......................................................................13

*MHL Custom Inc. v. Waydoo USA, Inc.*,
    C.A. No. 21-91-RGA-MPT (D. Del. Dec. 1, 2022)...............................................................12

*MPH Techs. Oy v. Apple Inc.*,
    C.A. No. 3:18-cv-05935-TLT (N.D. Cal.) ...........................................................................1

*In re Nimitz Techs. LLC*,
    No. 2023-103, 2022 WL 17494845 (Fed. Cir. Dec. 8, 2022)...................................................10

*Nimitz Techs. LLC v. Bloomberg L.P.*,
    C.A. No. 22-cv-00413-CFC (D. Del. Nov. 30, 2022).............................................................10

*Pres. Techs. LLC v. MindGeek USA, Inc.*,
    C.A. No. 2:17-cv-08906-DOC-JPR, 2020 WL 10965161 (C.D. Cal. Dec. 18,
    2020) .........................................................................................................6, 8

*Sea Star Line, LLC v. Emerald Equip. Leasing, Inc.*,
    C.A. No. 05-cv-245-JJF-LPS, 2007 WL 4577903 (D. Del. Dec. 28, 2007)..............................14

*Speyside Medical, LLC v. Medtronic Corevalve, LLC*,
    C.A. No. 20-361-GBW-CJB (D. Del. May 23, 2023) ...........................................................10

*Taction Tech., Inc. v. Apple Inc.*,
    C.A. No. 21-cv-00812-TWR-JLB, 2022 WL 18781396 (S.D. Cal. Mar. 16,
    2022) .....................................................................................................6, 11, 13

*Valentine v. Crocs, Inc.*,
    C.A. No. 22-cv-07463-TLT-PHK, 2024 WL 1636716 (N.D. Cal. Apr. 15,
    2024) .........................................................................................................4

*In re Valsartan N-Nitrosodimethylamine (NDMA) Contamination Prods. Liab.
    Litig.*,
    405 F. Supp. 3d 612 (D.N.J. 2019) ..................................................................................8

*Verisign, Inc. v. XYZ.com, LLC*,
    C.A. No. 15-mc-175-RGA-MPT, 2015 WL 7960976 (D. Del. Dec. 4, 2015) .........................4

**Other Authorities**

Federal Rule of Civil Procedure 45 ................................................................................4

Federal Rule 26 ...................................................................................... *passim*

D. Del. L.R. 3-15(b)(2) ................................................................................11

## I.    INTRODUCTION

Omni Bridgeway (USA) LLC ("Omni") is a litigation funder that possesses documents and information relevant to the patent infringement lawsuit MPH Technology Oy ("MPH") filed against Apple Inc. ("Apple") in the United States District Court for the Northern District of California. *See MPH Techs. Oy v. Apple Inc.*, C.A. No. 3:18-cv-05935-TLT (N.D. Cal.). During discovery, Apple learned that Omni is funding MPH's litigation, but MPH and Omni both refuse to produce relevant materials, including documents about Omni's relationship with MPH relating to the underlying lawsuit, Omni's financial interest in that lawsuit, and Omni's analyses of the MPH patents asserted against Apple.

On December 4, 2023, Apple served a subpoena for documents and testimony on Omni's registered agent for service of process in Delaware. Despite serving only boilerplate objections, Omni refuses to comply with the subpoena and refuses to provide a privilege log. But as Chief Judge Connolly acknowledged in his April 18, 2022 Standing Order Regarding Third-Party Litigation Funding Arrangements, discovery about litigation funding is relevant to multiple important issues in the underlying lawsuit, including patent damages, patent valuation, standing, infringement and validity, and pre-suit diligence. Much of the relevant information Apple seeks is available only from Omni, and Omni has not identified any burden or expense that would outweigh the benefit of this discovery, because Apple is seeking discrete categories of documents and testimony about Omni's relationship with MPH and the underlying lawsuit.

Apple therefore respectfully requests an order compelling Omni to produce non-privileged documents and one or more witnesses about: (1) the relationship between Omni and MPH, including agreements between the two companies; (2) Omni's involvement in the

underlying lawsuit; and (3) communications among Omni, MPH, and/or other third parties about MPH or the underlying litigation. Apple also requests that the Court compel Omni to provide a privilege log for any withheld documents so Apple can test any claims of privilege by Omni.

## II.    BACKGROUND

On December 4, 2023, Apple served an amended subpoena on Omni, a Delaware limited liability company, through Omni's registered agent for service of process in Delaware. The subpoena seeks nine categories of documents and testimony on ten topics. The nine requests are:

1. All Documents (including communications) related to any assessments, including financial assessments, of one or more of the MPH Patents.

2. Any Documents (including communications) concerning the value of any one or more of the MPH Patents (including, without limitation, for licensing purposes).

3. All Documents (including communications) concerning any valuations, audits, or financial assessments of MPH.

4. All Documents (including communications) concerning Your financial interest in this Litigation.

5. All Documents (including communications) concerning the scope of the claims, potential infringement or non-infringement by any entity, validity or invalidity of the MPH Patents.

6. All Documents (including communications) related to Your relationship with MPH.

7. All Documents (including communications) related to any assessments, including financial assessments, of any actual or potential litigation, including this Litigation, against any entity involving one or more of the MPH Patents.

8. Your communications (including emails) related to this Litigation, or any other litigation, including potential litigation, involving MPH or the MPH Patents.

9. Your agreements with MPH related to this Litigation, or any other litigation, including potential litigation, involving MPH or the MPH Patents.

*See* Ex. A, Amended Subpoena, at 11-12.[1] The ten deposition topics are:

1.  Any assessments, including financial assessments, of the MPH Patents.

2.  Any Documents concerning the value of any one or more of the MPH Patents (including, without limitation, for licensing purposes).

3.  Any valuations, audits, or financial assessments of MPH.

4.  Your financial interest in this Litigation.

5.  Any Documents concerning the scope of the claims, potential infringement or non-infringement by any entity, validity or invalidity of the MPH Patents.

6.  Your relationship with MPH.

7.  Any assessments, including financial assessments, of any actual or potential litigation, including this Litigation, against any entity involving any of the MPH Patents.

8.  Your communications (including emails) related to this Litigation, or any other litigation, including potential litigation, involving MPH or the MPH Patents.

9.  Your agreements with MPH related to this Litigation, or any other litigation, including potential litigation, involving MPH or the MPH Patents.

10. The authenticity and/or admissibility of all Documents produced in response to Apple's Subpoena.

*Id.* at 7. Omni served objections to the subpoena on January 18, 2024. *See* Ex. B. Omni did not

object to venue or service in Delaware. *Id.* For nearly every request and deposition topic, Omni

offered to meet and confer. *Id.* The parties met and conferred on the subpoena several times,

including on February 7 and 16, March 5, April 9, and May 2, 2024.  *See* Cannom Decl. ¶ 5.

Despite Apple's efforts to meet and confer, Omni has not produced any responsive documents,

has not served a privilege log, and has not offered any witness for deposition. Apple therefore

---

[1] All lettered exhibits are attached to the Declaration of Brian Biggs filed with this motion.

seeks an order compelling Omni to produce non-privileged documents responsive to Request Nos. 1-9, produce one or more witnesses to testify in response to Topic Nos. 1-10, and to provide a privilege log for any withheld documents.

## III.   LEGAL STANDARDS

Federal Rule of Civil Procedure 45 works in tandem with Federal Rule 26 to permit parties to obtain discovery from non-parties, and the scope of discovery for a Rule 45 subpoena is the same as for party discovery under Rules 26 and 34. *See* Fed. R. Civ. P. Advisory Committee's Note to 1970 Amendment. Under Rule 26(b)(1):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "The party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Verisign, Inc. v. XYZ.com, LLC*, C.A. No. 15-mc-175-RGA-MPT, 2015 WL 7960976, at *4 (D. Del. Dec. 4, 2015) (quoting *Night Hawk Ltd. v. Briarpatch Ltd.*, C.A. No. 03-cv-01382-RWS, 2003 WL 23018833, at * 8 (S.D.N.Y. Dec. 23, 2003)); *see also Valentine v. Crocs, Inc.*, C.A. No. 22-cv-07463-TLT-PHK, 2024 WL 1636716, at *2 (N.D. Cal. Apr. 15, 2024) ("[T]he Court has broad discretion in determining relevancy for discovery purposes."). Thereafter, the burden of showing why discovery should not be granted falls on the party resisting discovery, even if it is a non-party. *See Kilgore v. Clavijo*, C.A. No. 17-cv-04786-JST, 2021 WL 11680838, at *2 (N.D. Cal. Oct. 21, 2021). In determining whether a subpoena poses an undue burden, courts

must balance the burden to the subpoenaed party against the value of the information to the

serving party. *See Cash Today of Texas, Inc. v. Greenberg*, C.A. No. 02-mc-77-GMS, 2002 WL

31414138, at *4-5 (D. Del. Oct. 23, 2002).

## IV.    ARGUMENT

### A.    Discovery From Omni Is Relevant And Important To Multiple Issues In The Underlying Lawsuit.

The documents and testimony Apple seeks from Omni easily clear the "low bar" of

relevance. *In re FourWorld Cap. Mgmt. LLC*, C.A. No. 23-cv-1460-GBW, 2024 WL 1637400, at

*9 (D. Del. Apr. 16, 2024) ("Relevance is a low bar.") (quoting *Philadelphia Workforce Dev.*

*Corp. v. KRA Corp.*, 673 F. App'x 183, 190 (3d Cir. 2016)). And under Federal Rule of Civil

Procedure 26(b)(1), courts consider "the importance of the issues at stake in the action" in

determining discoverability. Here, because Omni is funding the underlying litigation, Apple's

subpoena seeks information relevant to Omni's relationship and communications with MPH

about the underlying lawsuit, Omni's analyses of the MPH patents asserted against Apple, and

Omni's financial interest in the underlying lawsuit. *See* Ex. A, Amended Subpoena at 7, 11-12.

As demonstrated below, Apple's document requests and deposition topics to Omni are important

to multiple issues in the underlying lawsuit.

#### 1.    Discovery From Omni Is Relevant To Patent Valuation, Patent Damages, And Potential Settlement.

As several courts have recognized, the discovery Apple seeks from Omni is "relevant to

the value of the asserted patents" for damages purposes. *Cirba Inc. v. VMware, Inc.*, C.A. No.

19-742-GBW, at ¶ 3 (D. Del. Apr. 18, 2023) (D.I. 1725) (see Appendix A); *see also Acceleration*

*Bay LLC v. Activision Blizzard, Inc.*, C.A. No. 16-453-RGA, 2018 WL 798731, at *3 (D. Del.

Feb. 9, 2018) (communications related to litigation funding relevant to "central issues like

validity and infringement, valuation, damages, royalty rates, [and] pre-suit investigative diligence"). Courts in other districts also have focused on patent valuation and damages as a reason to compel litigation funding discovery. *See, e.g.*, *Taction Tech., Inc. v. Apple Inc.*, C.A. No. 21-cv-00812-TWR-JLB, 2022 WL 18781396, at *5 (S.D. Cal. Mar. 16, 2022) (finding "litigation funding agreements and related documents can be 'directly relevant' to 'the valuations placed on the … patents prior to the present litigation'") (citations omitted); *Gamon Plus, Inc. v. Campbell Soup Co.*, C.A. No. 1:15-cv-08940, 2022 WL 18284320, at *2 (N.D. Ill. May 26, 2022) (litigation funding "is at least relevant to [Plaintiffs'] standing, and more critically, to the value of the Patents-in-Suit, where there are no licenses under the Patents-in-Suit to third parties, and thus seemingly no established policies concerning Plaintiffs' licensing practices") (alteration in original); *Pres. Techs. LLC v. MindGeek USA, Inc.*, C.A. No. 2:17-cv-08906-DOC-JPR, 2020 WL 10965161, at *6 (C.D. Cal. Dec. 18, 2020) ("[C]ourts have been more receptive to allowing [litigation funding] discovery in patent infringement cases, given patent cases' unique standing requirements and the potential for funding agreements to shed light on patents' value.").

Here, Omni likely analyzed the potential value of the MPH patents before agreeing to fund the underlying litigation, including by analyzing the range of royalties to be recovered from Apple and potentially other litigation targets. Any analysis conducted by or on behalf of Omni directly relates to the question of a reasonable royalty for the asserted patents—a central issue in the underlying lawsuit. And if that analysis was shared with MPH (or anyone else) it likely is not privileged given that MPH and Omni are arms-length contracting parties. Although patent license agreements involving the asserted patents often provide datapoints relevant to patent valuation, here MPH claims it has no licenses that are technically or economically comparable to the hypothetical license between MPH and Apple. *See* Cannom Decl. ¶ 7. Therefore, another

6

highly relevant datapoint for the value of the asserted patents is Omni's non-privileged patent valuation and damages analysis. *See Electrolysis Prevention Sols. LLC v. Daimler Truck N. Am. LLC*, C.A. No. 3:21-cv-00171-RJC-WCM, 2023 WL 4750822, at *4-5 (W.D.N.C. July 24, 2023) (even where license agreements provide a basis for assessing damages, third-party funding agreements are "relevant to the question of the value" of the patent); *Intel Corp. v. Protection Capital LLC*, C.A. No. 13-cv-1685-GPC-NLS, 2013 WL 12313348, at *3 (S.D. Cal. Oct. 2, 2013) (authorizing discovery of third-party funding agreements "because such information bears on the value of the patents").

Furthermore, under Rule 26(b)(1), "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." For this reason, courts permit relevant discovery that may facilitate settlement. *See Johns Hopkins Univ. v. Cellpro*, 160 F.R.D. 30, 35 (D. Del. 1995) ("Discovery on damages not only assists the parties in preparing for trial, it also educates each party on the other's view of the damages, which, in turn, assists each party in evaluating essential elements of the matters in issue and in assessing the risks associated with an adverse decision in the action. Consequently, it can facilitate settlement discussions."); *see also Hyosung (Am.), Inc. v. Hantle, Inc.*, C.A. No. 10-cv-2160-SBA-NJV, 2011 WL 13153990, at *1 (N.D. Cal. Sept. 20, 2011) ("[I]nformation is 'relevant to the subject matter' if it might reasonably assist a party in evaluating the case, preparing for trial or facilitating settlement thereof.") (citation omitted); *Best Buy Stores, L.P. v. Manteca Lifestyle Ctr., LLC*, C.A. No. 2:10-cv-0389-WBS-KJN, 2011 WL 2433655, at *3 n.4 (E.D. Cal. June 14, 2011) ("Relevant to the subject matter is interpreted broadly, and includes information that might reasonably assist a party in evaluating the case, preparing for trial, or facilitating settlement.") (cleaned up). Thus, discovery

7

from Omni is relevant not only to patent damages and patent valuation, but also to a potential settlement of the underlying lawsuit.

### 2. Discovery From Omni Is Relevant To MPH's Standing To Sue And Its Pre-Suit Diligence.

As several of the decisions cited above recognize, discovery from Omni also is relevant to MPH's standing to sue for patent infringement. *See Acceleration Bay*, 2018 WL 798731, at *3; *Gamon Plus*, 2022 WL 18284320, at *2; *3rd Eye Surveillance, LLC v. U.S.*, 158 Fed. Cl. 216, 228 (Fed. Cl. 2022); *Pres. Techs.*, 2020 WL 10965161, at *6 ("Courts have been more receptive to allowing [litigation funding] discovery in patent infringement cases, given patent cases' unique standing requirements … ."). Here, Apple is entitled to analyze the contractual arrangement between MPH and Omni to determine Omni's financial stake in the underlying lawsuit and any rights it holds in the asserted patents. Those inquiries are relevant to determining whether MPH holds all substantial right, title, and interest in the asserted patents, and whether Omni is a necessary party to the underlying lawsuit. *Gamon Plus*, 2022 WL 18284320, at *2. More fundamentally, Apple and the Court should know which entities are directing and controlling MPH's litigation strategy and how. *See 3rd Eye Surveillance*, 158 Fed. Cl. at 228 (disclosure of litigation funding agreements "encourages transparency and ensures a shadow broker is not using litigation as a form of harassment or for multiple bites at the same apple") (alteration in original); *In re Valsartan N-Nitrosodimethylamine (NDMA) Contamination Prods. Liab. Litig.*, 405 F. Supp. 3d 612, 615 (D.N.J. 2019) (acknowledging relevance of litigation funding where the "non-party is making ultimate litigation or settlement decisions").

Discovery from Omni also is relevant to MPH's diligence in preparing for and filing the underlying lawsuit. *See Acceleration Bay*, 2018 WL 798731, at *2-3 (identifying "pre-suit investigative diligence" as a point of relevance). Here, Omni likely conducted much of the pre-

suit diligence on the asserted patents, or at a minimum conducted its own pre-suit diligence. That due diligence likely is not subject to an effective claim of attorney-client privilege (especially if it was shared with MPH) or work product protection (because Omni is not a party to the lawsuit). This is yet another reason to compel Omni's compliance with Apple's subpoena.

### 3. Discovery From Omni Is Relevant To MPH's Financial Resources And To Refute A "David Versus Goliath" Trial Theme.

Discovery from Omni also is relevant and important to understanding MPH's financial resources and to refute a false "David versus Goliath" narrative at trial. Under Rule 26(b)(1), courts consider "the parties' resources" both as a check on witness credibility and to refute such a narrative. *See Cirba*, C.A. No. 19-742-GBW, at ¶ 3 (D.I. 1725) ("Funding arrangements are also relevant when assessing the credibility and biases of witnesses."); *Cont'l Cirs. LLC v. Intel Corp.*, 435 F. Supp. 3d 1014, 1018-19 (D. Ariz. 2020) (litigation funding arrangements relevant because "[t]hey concern Plaintiff's financial resources and could be used to refute any David vs. Goliath narrative at trial"); *Impact Engine, Inc. v. Google LLC*, No. 19-cv-1301-CAB-DEB, 2020 U.S. Dist. LEXIS 145636, at *4-5 (S.D. Cal. Aug. 12, 2020) (litigation funding relevant to refuting a potential "David vs. Goliath narrative at trial") (quoting *Cont'l Cirs.*, 435 F. Supp. 3d at 1019). Here, Apple expects MPH will try to run the small-company-versus-big-company narrative at trial, but Omni is a publicly traded company with nearly 250 employees and a market capitalization of more than $250 million. *See* Ex. C, Omni's Annual Report 2023, at 28-29. Discovery of Omni's relationship with MPH therefore is important to provide context to MPH's "resources" and to rebut any impression that MPH is somehow an "underdog" in the underlying lawsuit.

**4.    Discovery From Omni Is Relevant To The Core Merits Issues Of Patent Infringement And Validity.**

Finally, discovery of Omni is relevant and important to the core issues of patent infringement and validity in the underlying lawsuit. *See Acceleration Bay LLC*, 2018 WL 798731, at *2-3 (communications related to litigation funding relevant to "central issues like validity and infringement … ."); *Impact Engine*, 2020 U.S. Dist. LEXIS 145636, at *4-5. As with its patent valuation, Omni undoubtedly performed infringement and validity analyses of the MPH asserted patents, so Omni's view of the merits of the underlying dispute are relevant and discoverable, to the extent not privileged.

*        *        *

The above considerations are precisely why courts in this District routinely recognize the relevance of discovery into litigation funding. *See Speyside Medical, LLC v. Medtronic Corevalve, LLC*, C.A. No. 20-361-GBW-CJB (D. Del. May 23, 2023) (D.I. 265) (compelling deposition testimony about funder's financial stake). Indeed, Chief Judge Connolly requires that a plaintiff provide information about litigation funding in all cases in his court. *See* April 18, 2022 Standing Order Regarding Third-Party Litigation Funding Arrangements ("Standing Order"). He has acknowledged to the Federal Circuit that he is "not the only district court judge in the country who requires disclosures beyond what Rule 7.1 requires." *Nimitz Techs. LLC v. Bloomberg L.P.*, C.A. No. 22-cv-00413-CFC, at 4 (D. Del. Nov. 30, 2022) (D.I. 23). In *Nimitz*, the Federal Circuit declined to prevent discovery into litigation funding, finding that the materials the Court ordered the plaintiff to produce—including communications among the plaintiff, the funder, and counsel—were all "related to potential legal issues in the case." *In re Nimitz Techs. LLC*, No. 2023-103, 2022 WL 17494845, at *2 (Fed. Cir. Dec. 8, 2022). Chief Judge Connolly's Standing Order therefore confirms the importance of discovery into litigation

funding, requiring the party to disclose the identity, authority, and financial interest of any third-party funder—exactly what Apple seeks here from Omni.

As for California courts, "district courts in California generally find discovery into third party investors relevant in patent litigation." *Intel*, 2013 WL 12313348, at *3; *see also Taction*, 2022 WL 18781396, at *5 ("[C]ourts have generally ruled that litigation funding agreements and related documents are relevant and discoverable.") (quoting *In re Valsartan*, 405 F. Supp. 3d at 614). In fact, Northern District of California Local Rule 3-15 requires parties to disclose any entity or person having "a financial interest of any kind in the subject matter in controversy or a party to the proceeding." *See* N.D. Cal. L.R. 3-15(b)(2). Similarly, the Northern District of California's Standing Order for All Judges on Case Management requires the disclosure of all non-parties who have "a financial interest in the subject matter in controversy or in a party to the proceeding." *See* N.D. Cal. Standing Order (Nov. 30, 2023), ¶ 17. Thus, although district courts have reached different conclusions about the extent to which litigation funding is discoverable, more recent decisions have compelled this type of discovery based on its relevance to a party's claims and defenses.

**B.    The "Amount In Controversy" Factor Of Rule 26(b)(1) Strongly Favors Compelling The Requested Discovery From Omni.**

Another consideration under Rule 26(b)(1) is the "amount in controversy," which strongly favors compelling Omni to produce the requested discovery. Based on its disclosures in the underlying lawsuit, Apple expects that MPH will demand hundreds of millions of dollars in damages from Apple. Omni stands to recover a significant percentage of any judgment against or settlement with Apple, and Omni likely has some influence over whether and how MPH settles the underlying lawsuit and even how much MPH demands in damages at trial. The high stakes of the underlying lawsuit and Omni's ability to profit from it provides an even greater rationale for

compelling discovery from Omni. The "amount in controversy" factor of Rule 26(b)(1) therefore favors an order compelling Omni to fully comply with Apple's subpoena, and it offsets any claim of burden by Omni, as demonstrated below.

### C.    Under Rule 26(b)(1), The Parties' Relative Access To The Requested Information Favors Compelling Discovery From Omni.

Yet another consideration under Rule 26(b)(1) is "the parties' relative access to relevant information," which also favors compelling Omni to produce the requested discovery. Here, Apple has no access to the requested information—the negotiations and analysis conducted by Omni in this matter happened behind closed doors. MPH also likely does not have access to all of the discovery Apple seeks, because Omni has information about its own financial resources, its own patent analyses, and its own patent valuation that MPH may not be privy to. And MPH, for its part, refuses to provide any discovery regarding its relationship with Omni and any funding it is receiving related to this litigation. Because Apple has no access to the requested information and Omni has complete access to it, this Rule 26(b)(1) factor favors compelling Omni to fully respond to Apple's subpoena.

### D.    Omni Has Not And Cannot Support Its Privilege Claims, Nor Has Omni Provided A Privilege Log.

Rule 26(b)(1) limits discovery to "any nonprivileged matter that is relevant to any party's claim or defense … ." Here, Omni has the "burden to prove that the privilege applies," *see MHL Custom Inc. v. Waydoo USA, Inc.*, C.A. No. 21-91-RGA-MPT, at ¶ 15 (D. Del. Dec. 1, 2022) (D.I. 120), but Omni has merely made boilerplate privilege and work product objections, and refuses to serve a privilege log so that Apple can test Omni's as-yet-unsupported claims of privilege. *See* Ex. B at ¶¶ 2, 11, 12.

Omni cannot support its boilerplate claim of privilege and work product protection in any event because, as courts in this District have held, litigation funding is a business venture, not a legal one. *See Acceleration Bay*, 2018 WL 798731, at *2 (litigation funding documents not privileged because they were "prepared with a 'primary' purpose of obtaining a loan, as opposed to aiding in possible future litigation"); *Leader Techs., Inc. v. Facebook, Inc.*, 719 F. Supp. 2d 373, 375-76 (D. Del. 2010) (affirming magistrate judge's decision that common interest doctrine did not apply to documents exchanged between plaintiff and litigation financing companies). Omni's litigation funding documents are therefore discoverable as facts related to a business transaction. Notably, Apple's requests target business information, not communications related to legal advice. As to work product, courts in this District have held that, because a litigation funder is not a party to the litigation, its "communications are not work product." *Acceleration Bay*, 2018 WL 798731 at *2; *see also Taction*, 2022 WL 18781396, at *7 ("The Court does not consider the existence of these [litigation funding] documents and the people/entities who are parties to them to be protected information under the work-product doctrine."). Thus, Omni cannot hide behind claims of privilege and work product protection even if it had tried to support those claims.

### E. The Burden Or Expense Of The Proposed Discovery Does Not Outweigh Its Likely Benefit.

The final consideration under Rule 26(b)(1) is "whether the burden or expense of the proposed discovery outweighs its likely benefit." Here, that consideration favors compelling Omni to comply with Apple's subpoena. *See AbbVie Inc. v. Boehringer Ingelheim Int'l GmbH*, C.A. No. 17-cv-1065-MSG, 2018 WL 2337133, at *1 (D. Del. May 23, 2018). For starters, Omni is in the business of funding litigation, so being subject to third-party discovery in lawsuits that it is funding comes with the territory. And Apple's subpoena is narrowly tailored in any event,

focusing on Omni's relationship with MPH and its relationship to the underlying lawsuit. Furthermore, Omni has not articulated any particular burden or expense that complying with Apple's subpoena would impose; rather, Omni argues it is not obligated to comply with the subpoena because the responsive information is in MPH's possession. *See* Ex. B at ¶¶ 1, 15, 17. For two reasons, that is not true. <u>First</u>, Apple's subpoena seeks categories of information that are uniquely in Omni's possession, including internal Omni documents related to MPH and the underlying lawsuit, and communications between Omni and other third parties about MPH and the underlying lawsuit. <u>Second</u>, MPH has blocked Apple's efforts to obtain Omni-related documents from MPH through party discovery. MPH's strategy is to produce only documents that aid its damages claim, which frustrates the purpose of discovery. *Sea Star Line, LLC v. Emerald Equip. Leasing, Inc.*, C.A. No. 05-cv-245-JJF-LPS, 2007 WL 4577903, at *5 (D. Del. Dec. 28, 2007) (the discovery rules "are designed to eliminate surprise at trial"). Thus, any argument from Omni about supposed "burden" should fall on deaf ears.

## V.    CONCLUSION

For the foregoing reasons, Apple respectfully requests that Omni be ordered to fully comply with Apple's subpoena, including by producing the requested documents, providing a privilege log detailing any documents withheld from production, and producing one or more witnesses to testify on the topics set forth in Apple's subpoena.

Dated:  July 3, 2024                                  Respectfully submitted,

**DLA PIPER LLP (US)**

*/s/ Brian A. Biggs*
Brian A. Biggs (DE Bar No. 5591)
1201 North Market Street, Suite 2100
Wilmington, DE 19801-1147
Telephone: (302) 468-5700

Facsimile: (302) 394-2341
brian.biggs@us.dlapiper.com

*Attorney for Movant Apple Inc.*

# APPENDIX A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CIRBA INC. (d/b/a DENSIFY) and CIRBA
IP, INC.,

      Plaintiffs/Counter-Defendants,

      v.

VMWARE, INC.,

      Defendant/Counter-Plaintiff.

C.A. No. 19-742-GBW
(CONSOLIDATED)

## ORDER[1]

Having reviewed the Proposed Joint Pretrial Order (D.I. 1664) submitted by Plaintiff Cirba

Inc. (d/b/a/ Densify), as successor-in-interest to Cirba IP, Inc. (collectively, "Plaintiff"),[2] and

Defendant VMware, Inc. ("VMware" or "Defendant") regarding the jury trial scheduled to begin

on April 24, 2023, **IT IS HEREBY ORDERED** that:

1.  With respect to Plaintiff's motion *in limine* number 1, the parties do not dispute that the

    Court should "preclude the presentation of arguments and testimony at trial that are

    contrary to the Court's claim constructions." D.I. 1664, Ex. 16A at 4; *id.* at 21 (VMware

    agreeing to Plaintiff's statement). Plaintiff represents to the Court that it "need not

    determine at this juncture whether VMware has contradicted the claim construction." *Id.*

    at 4; *see also id.* at 6 ("While the Court need not rule on these particular evidentiary

    examples in this motion *in limine* . . ."), *id.* ("The particulars of whether argument or

    testimony contradicts the Court's construction can be taken up in context at trial, but the

---

[1] All D.I. citations refer to C.A. No. 19-742-GBW unless otherwise noted.

[2] *See* D.I. 1719 (concluding plaintiff in this action is "Plaintiff Cirba Inc. (d/b/a Densify), as the
successor-in-interest to Cirba IP, Inc.").

1

ground rule should be set that deviation from those constructions is not permitted."). Accordingly, Plaintiff's motion *in limine* number 1 is **GRANTED**—that is, Plaintiff and VMware are precluded from presenting evidence and arguments inconsistent with this Court's claim constructions. *See Siemens Mobility Inc. v. Westinghouse Air Brake Techs. Corp.*, C.A. No. 16-284-LPS, 2019 WL 77046, at *1 (D. Del. Jan. 2, 2019) (granting motion *in limine* "to exclude fact witness testimony inconsistent with the Court's constructions"). At trial, the parties shall make timely objections, if at all, when either party presents evidence or arguments that are contrary to this Court's claim constructions. At that time, the Court will determine whether to overrule or sustain the objection.

2. With respect to Plaintiff's motion *in limine* number 2, Plaintiff requests that the Court preclude VMware from "arguing (i) that VMware's patents, which are not asserted as prior art, are in any way related to [Plaintiff's] claims; and (ii) that VMware is practicing the prior art and therefore cannot infringe." D.I. 1664, Ex. 16B at 79. Plaintiff's motion *in limine* number 2 is **GRANTED-IN-PART** and **DENIED-IN-PART**. The Court is concerned that the probative value of VMware's patents as it relates to its noninfringement or invalidity defenses is outweighed by the danger of misleading the jury into believing that VMware's patents are a defense to patent infringement or evidence that Plaintiff's patents are invalid as anticipated, and therefore, such evidence is excluded under Federal Rule of Evidence 403. *See* FED. R. EVID. 403. In light of this ruling, the Court addresses what type of evidence VMware may present during the upcoming trial. VMware may discuss its history of innovation and its patented developments so long as it does not link its patents to its noninfringement or invalidity defenses. D.I. 1664, Ex. 16B at 86. VMware is also permitted to present evidence or arguments regarding its patents as they relate to

2

damages. *Id.* If Plaintiff opens the door and asserts copying allegations, then VMware may rebut such insinuations. However, VMware is precluded from explaining that "the Patent Office initially rejected all claims of [U.S. Patent No. 8,209,687 ("the '687 patent")] over U.S. Patent 7,577,772 to Khandekar, a VMware patent." D.I. 1664, Ex. 16B at 85; *infra* ¶ 4 (granting Plaintiff's motion *in limine* number 4 excluding, *inter alia*, arguments or testimony about Plaintiff's patents' prosecution histories).

3. With respect to Plaintiff's motion *in limine* number 3, Plaintiff requests that the Court exclude arguments, testimony, and other evidence about (1) its investors, (2) litigation funding, (3) the parties' attorneys' fees, and (4) derogatory characterizations of Plaintiffs' business model. D.I. 1664, Ex. 16C at 144. Plaintiff's motion in *limine* number 3 is **GRANTED-IN-PART** and **DENIED-IN-PART** for the reasons discussed below. As to the first and second requests, evidence about Plaintiff's investors and litigation funding is admissible because they are relevant to the value of the asserted patents. Funding arrangements are also relevant when assessing the credibility and biases of witnesses. *SSL Servs., LLC v. Citrix Sys., Inc.*, C.A. No. 8-158-JRG, 2012 WL 12906091, at *1 (E.D. Tex. May 24, 2012) (allowing "evidence regarding any testifying witnesses' financial interest in any of the companies that are parties to this suit"); *see also Yousefi v. Delta Elec. Motors, Inc.*, C.A. No. 13-1632-RSL, 2015 WL 11217257, at *2 (W.D. Wash. May 11, 2015). VMware, however, may not make prejudicial or inflammatory statements about Plaintiff's investors and litigation funding, such as "improper riffs on individuals' wealth and imagined motives." D.I. 1664, Ex. 16C at 268. As to the third request, discussions or evidence of Plaintiff's and VMware's attorneys' fees would be unfairly prejudicial to present to the jury, and therefore, are excluded under Federal Rule of Evidence 403. *See*

3

*SSL Servs.*, 2012 WL 12906091, at \*1; *Camper v. State Farm Fire & Cas. Co.*, C.A. No. 20-5283-TLF, 2021 WL5205608, at \*4 (W.D. Wash. July 15, 2021) (excluding references to attorney's fees, in part, because they "would be unduly prejudicial"). As to the fourth request, VMware does not oppose this motion as it pertains to the following pejorative terms: "troll," "patent troll," or "patent assertion entity." D.I. 1664, Ex. 16C at 151. However, VMware contends that it should not be precluded from referencing Cirba IP, Inc. ("IP") as a non-practicing entity with no products. *Id.* Plaintiff objects to VMware wanting to call IP a "a non-practicing entity with no products" because it "falsely tell[s] the jury that the plaintiff is IP." D.I. 1664, Ex. 16 at 268 n.1. This is incorrect. First, IP "does not sell or offer for sale products and services." D.I. 946 at 8.[3] Second, nothing in this Court's motion *in limine* ruling requires Plaintiff to falsely tell the jury that the plaintiff in this action is IP. Rather, Plaintiff must tell the jury that the plaintiff is "Cirba Inc. (d/b/a/ Densify), as successor-in-interest to IP," who in this action may only assert the claims of IP, which is a company that does not make or sell anything. D.I. 1719. As such, Plaintiff's motion *in limine* number 3 is **GRANTED** as to uses of the terms "troll," "patent troll," or "patent assertion entity," but **DENIED** as to the use of "non-practicing entity with no products," so long as VMware's use of this term does not create a narrative that mischaracterizes Plaintiff's business model. *See* D.I. 1664, Ex. 16C at 144; *see also Finjan v. Blue Coat Sys.*, C.A. No. 13-039999, 2015 WL 4129193, at \*2 (N.D. Cal. July 8, 2015) (admitting "neutral, factual statements concerning Plaintiff's business"); *Evolved Wireless, LLC v. Apple Inc.*, C.A. No. 15-542-JFB-SRF, 2019 WL 1100471, at \*7 (D. Del. Mar. 7,

---

[3] During the first trial, Cirba's damages expert, Jim W. Bergman, testified that Cirba, Inc. is "the one that sold the products, it's the one that developed and maintained the software. [] IP is the entity that really just held the software, held the intellectual property." D.I. 592 at 1014:5-10.

4

2019) (excluding pejorative terms like "troll," "patent troll," or "playing the litigation lottery" but not neutral terms like "non-practicing entity").

4.  With respect to Plaintiff's motion *in limine* number 4, Plaintiff requests that the Court "exclude arguments or introduction of facts about [Plaintiff's] patents' prosecution histories, [*ex* parte] reexamination [of the '687 patent], or PTAB proceedings." D.I. 1664, Ex. 16D at 272. VMware responds that the prosecution history is relevant to non-willfulness, invalidity and secondary consideration of non-obviousness, and damages. *Id.* at 277. VMware also contends that the '687 patent reexamination, including the Non-Final Office Action rejection, is relevant to non-willfulness as evidence that the "patent's validity remains uncertain" and "as objective evidence of good-faith belief in invalidity." *Id.* at 277-78. Federal Rule of Evidence 403 permits the Court to exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *See Coleman v. Home Depot, Inc.*, 306 F.3d 1333, 1343 (3d Cir. 2002) ("Rule 403 recognizes that a cost/benefit analysis must be employed to determine whether or not to admit evidence; relevance alone does not ensure its admissibility."). Any probative value of arguments and testimony about Plaintiff's patent prosecution histories, including rejections and amendments, and the ongoing reexamination proceedings of the '687 patent[4] is substantially outweighed by the risks of unfair prejudice to Plaintiff, confusion to the jury, and a waste of time. Accordingly, Plaintiff's motion *in limine* number 4 is **GRANTED** and arguments or testimony about

---

[4] Plaintiff and VMware do not dispute that this proceeding is not final. D.I. 1664, Ex. 16D at 274; *id.* at 277-79.

Plaintiff's patents' prosecution histories and the reexamination proceedings of the '687

patent are excluded under Federal Rule of Evidence 403.

5. The Court reserves decisions on VMware's motions *in limine* Nos. 2, 3, and 4.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE

6