# EXHIBIT A

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| MPH TECHNOLOGIES OY | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:18-CV-05935 |
| APPLE INC. | ) |
| *Defendant* | ) |

**AMENDED SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: OMNI BRIDGEWAY (USA) LLC
CORPORATION SERVICES COMPANY
251 LITTLE FALLS DRIVE, WILMINGTON, DE 19808
*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

See Schedule A

| Place: Via Zoom; please contact hcannom@wscllp.com | Date and Time: January 3, 2024 at 9am PT |
|---|---|

The deposition will be recorded by this method: Audio, video, and/or stenographic means

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

Please produce the documents described in Schedule B on or before December 19, 2023 via email to hcannom@wscllp.com

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/04/23

*CLERK OF COURT*

OR        /s/ Hannah L. Cannom

*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Apple Inc. , who issues or requests this subpoena, are:

Hannah L. Cannom, WSC LLP, 500 Molino St., 118, LA, CA 90013, 213-337-9972, hcannom@wscllp.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 3:18-CV-05935

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Print   Save As...   Add Attachment   Reset

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# **SCHEDULE A**

CONTAINS INFORMATION DESIGNATED AS CONFIDENTIAL -
ATTORNEYS' EYES ONLY UNDER THE PROTECTIVE ORDER

## **DEFINITIONS**

1. "You," "Your," and "Omni Bridgeway" mean Omni Bridgeway Management (USA) LLC and its officers, directors, employees, partners, corporate parent(s), subsidiaries, agents, or affiliates thereof, past or present.

2. The term "MPH" means MPH Technologies Oy and its officers, directors, employees, partners, corporate parent(s), predecessors, subsidiaries, agents, or affiliates thereof, past or present, including Intra Secure Networks Oy, Netseal Oy, and Netseal Mobility Technologies – NMT Oy.

1. The phrase "this Litigation" means *MPH Technologies Oy v. Apple Inc.*, No. 3:18-cv-05935-TLT (N.D. Cal.).

2. The term "MPH Patents" means any U.S. or foreign patent assigned to or owned by MPH, including U.S. Patent Nos. 8,346,949; 9,762,397; 9,712,494; 9,712,502; 9,838,362; 7,620,810; 7,937,581; and 8,037,302.

3. The terms "and" and "or" shall be construed conjunctively or disjunctively to make the request inclusive rather than exclusive.

4. The terms "any" and "all" shall be construed to include "each and every."

5. "Document" is synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), and shall have the broadest meaning possible under the Federal Rules of Civil Procedure.

6. "Subpoena" means Apple's Amended Subpoena to Testify at a Deposition in a Civil Action dated December 4, 2023, and served on You in connection with this litigation.

CONTAINS INFORMATION DESIGNATED AS CONFIDENTIAL -
ATTORNEYS' EYES ONLY UNDER THE PROTECTIVE ORDER

7. The use of the singular form of any word includes the plural, and the use of the plural form of any word includes the singular.

CONTAINS INFORMATION DESIGNATED AS CONFIDENTIAL -
ATTORNEYS' EYES ONLY UNDER THE PROTECTIVE ORDER

## DEPOSITION TOPICS

1. Any assessments, including financial assessments, of the MPH Patents.

2. Any Documents concerning the value of any one or more of the MPH Patents (including, without limitation, for licensing purposes).

3. Any valuations, audits, or financial assessments of MPH.

4. Your financial interest in this Litigation.

5. Any Documents concerning the scope of the claims, potential infringement or non-infringement by any entity, validity or invalidity of the MPH Patents.

6. Your relationship with MPH.

7. Any assessments, including financial assessments, of any actual or potential litigation, including this Litigation, against any entity involving any of the MPH Patents.

8. Your communications (including emails) related to this Litigation, or any other litigation, including potential litigation, involving MPH or the MPH Patents.

9. Your agreements with MPH related to this Litigation, or any other litigation, including potential litigation, involving MPH or the MPH Patents.

10. The authenticity and/or admissibility of all Documents produced in response to Apple's Subpoena.

# **SCHEDULE B**

CONTAINS INFORMATION DESIGNATED AS CONFIDENTIAL - ATTORNEYS' EYES ONLY UNDER THE PROTECTIVE ORDER

## DEFINITIONS AND INSTRUCTIONS

1. "You," "Your," and "Omni Bridgeway" mean Omni Bridgeway Management (USA) LLC and its officers, directors, employees, partners, corporate parent(s), subsidiaries, agents, or affiliates thereof, past or present.

2. The term "MPH" means MPH Technologies Oy and its officers, directors, employees, partners, corporate parent(s), predecessors, subsidiaries, agents, or affiliates thereof, past or present, including Intra Secure Networks Oy, Netseal Oy, and Netseal Mobility Technologies – NMT Oy.

3. The phrase "this Litigation" means *MPH Technologies Oy v. Apple Inc.*, No. 3:18-cv-05935-TLT (N.D. Cal.).

4. The term "MPH Patents" means any U.S. or foreign patent assigned to MPH, including U.S. Patent Nos. 8,346,949; 9,762,397; 9,712,494; 9,712,502; 9,838,362; 7,620,810; 7,937,581; and 8,037,302.

5. The terms "and" and "or" shall be construed conjunctively or disjunctively to make the request inclusive rather than exclusive.

6. The terms "any" and "all" shall be construed to include "each and every."

7. "Document" is synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), and shall have the broadest meaning possible under the Federal Rules of Civil Procedure.

8. The use of the singular form of any word includes the plural, and the use of the plural form of any word includes the singular.

9. "Subpoena" means Apple's Amended Subpoena to Testify at a Deposition in a Civil Action dated December 4, 2023, and served on You in connection with this litigation.

CONTAINS INFORMATION DESIGNATED AS CONFIDENTIAL - ATTORNEYS' EYES ONLY UNDER THE PROTECTIVE ORDER

10.	This Subpoena requires You to produce all Documents and things called for in each category below that were created or originated by You, or that came into Your possession, custody, or control from all files or other sources that contain responsive Documents and things, wherever located and whether active, in storage, or otherwise.

11.	Where only a portion of a Document concerns the subject indicated, the entire Document is to be produced, along with all attachments, appendices, and exhibits.

12.	All Documents and things shall be produced as they are kept in the ordinary course of business, with any identifying labels, file markings, or similar identifying features, or shall be organized and labeled to correspond with the categories identified in the list of Documents to be produced.

13.	If there are no Documents or things responsive to a category specified below, please state so in a writing produced at the time and place that Documents are demanded to be produced by this Subpoena.

14.	Electronic records and computerized information should be produced in an intelligible format or together with a description of the system from which it is derived sufficient to permit rendering the material intelligible.

CONTAINS INFORMATION DESIGNATED AS CONFIDENTIAL - ATTORNEYS' EYES ONLY UNDER THE PROTECTIVE ORDER

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

All Documents (including communications) related to any assessments, including financial assessments, of one or more of the MPH Patents.

**REQUEST FOR PRODUCTION NO. 2:**

Any Documents (including communications) concerning the value of any one or more of the MPH Patents (including, without limitation. for licensing purposes).

**REQUEST FOR PRODUCTION NO. 3:**

All Documents (including communications) concerning any valuations, audits, or financial assessments of MPH.

**REQUEST FOR PRODUCTION NO. :4**

All Documents (including communications) concerning Your financial interest in this Litigation.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents (including communications) concerning the scope of the claims, potential infringement or non-infringement by any entity, validity or invalidity of the MPH Patents.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents (including communications) related to Your relationship with MPH.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents (including communications) related to any assessments, including financial assessments, of any actual or potential litigation, including this Litigation, against any entity involving one or more of the MPH Patents.

CONTAINS INFORMATION DESIGNATED AS CONFIDENTIAL -
ATTORNEYS' EYES ONLY UNDER THE PROTECTIVE ORDER

**REQUEST FOR PRODUCTION NO. :8**

Your communications (including emails) related to this Litigation, or any other litigation, including potential litigation, involving MPH or the MPH Patents.

**REQUEST FOR PRODUCTION NO. 9:**

Your agreements with MPH related to this Litigation, or any other litigation, including potential litigation, involving MPH or the MPH Patents.