# EXHIBIT A

2261 MARKET STREET, NO. 606
SAN FRANCISCO, CALIFORNIA, 94114

**Warren Kash Warren**

WARRENKASHWARREN.COM
+1 (415) 895 2940

January 18, 2024

**By First Class Mail and Electronic Mail**

Hannah Cannon
WSC LLP
500 Molino Street, 118
Los Angeles, CA, 90013
hcannom@wscllp.com

      Re:    Subpoena Regarding *MPH Technologies Oy v. Apple, Inc.*, Case No. 18-05935 (N.D. Cal.)

Counsel:

I write regarding the subpoena for deposition testimony and documents served on Omni Bridgeway (USA) LLC ("Omni") by Defendant Apple, Inc. ("Apple") on December 4, 2023 (the "subpoena") in the above-referenced matter.

Omni is not a party to the above-referenced matter, and as set forth in Omni's objections and responses below, the subpoena does not coherently state what information it seeks; why the information sought by the subpoena is discoverable in the underlying litigation; and why information requested by the subpoena cannot be obtained directly from a party to the underlying action. Omni is willing to meet and confer to discuss the scope of the subpoena; however, Omni is currently unable to respond to the subpoena as it is unable to discern the scope of the subpoena.

Further, as set forth in the following objections and responses to the subpoena, as the deposition request is unduly burdensome and unnecessary, Omni is not willing to provide a witness to testify or appear for the scheduled deposition. It is improper to require a third party such as Omni to produce a witness to provide deposition testimony on subject matters and information that could be obtained from another source, such as documents and other non-testimonial sources of information.

Accordingly, I invite you to contact me at jen@warrenkashwarren.com to discuss the subpoena further. In the meantime, Omni makes the following objections and responses to the subpoena and its enumerated requests.

**Objections to Subpoena**

In addition to Omni's specific responses and objections to the deposition subpoena and document requests stated below, Omni makes the following general objections to the subpoena. The below objections are also incorporated in the responses and objections to the enumerated requests and topics stated below.

1.      Omni objects to the subpoena on the grounds that it imposes an undue burden on Omni, which is not a party to the underlying action. Omni further objects to the subpoena to the extent it seeks documents or information that is in the possession, custody, or control of a party to the underlying action or equally available from another source that is less burdensome or less expensive than requiring third-party Omni to produce such documents or information. As a non-party, Omni should not bear the

Hannah Cannom
January 18, 2024
Page 2

burden of searching for and providing such documents or information until Apple has exhausted all reasonable avenues of obtaining this information directly from alternative sources.

2.      Omni objects to the subpoena to the extent it seeks documents or information that are not proportionate to the needs of the case or not relevant to any party's claims or defenses.  Moreover, as the subpoena lacks both a copy of the underlying complaint or a description of the pertinent claims, Omni cannot determine the extent to which documents or information the subpoena seeks are relevant to the underlying litigation.  Omni is unable to discern whether the documents or information sought by the subpoena are discoverable, and what, if any, obligation it has to respond to the subpoena.

3.      Omni objects to the subpoena on the grounds that the requests are so unreasonably broad in scope as to be unduly burdensome.

4.      Omni objects to the time and place set by the subpoena for the deposition.  The time and place of the requested deposition were selected unilaterally without consulting with Omni about the availability of its witness(es) or its counsel.  To the extent Omni produces a witness to provide deposition testimony in response to the subpoena, Omni shall do so at a mutually agreeable time and place.

5.      Omni objects to the subpoena on the grounds that it demands that Omni produce a witness to provide deposition testimony at Omni's own expense.  To the extent that Omni produces a witness to provide deposition testimony in response to the subpoena, Omni shall only do so if properly compensated under applicable law for any costs, including attorney fees, incurred by Omni and its witness(es) in connection with the deposition.

6.      Omni objects to the subpoena on the grounds that it calls for documents or information over an unspecified or overly broad period of time and created after the filing of the complaint.

7.      Omni objects to the subpoena to the extent that it is vague, ambiguous, or unlimited in time or scope.

8.      Omni objects to the subpoena to the extent it fails to provide information sufficient to enable Omni to conduct a reasonable search for documents and information responsive to the subpoena, if any.  Without such information, the subpoena would subject Omni to an unreasonable burden of conducting an overbroad inquiry and search for responsive documents or information.

9.      Omni objects to the subpoena to the extent it purports to require Omni to perform anything more than a reasonable and diligent search for documents (including electronic documents) from reasonably accessible sources (including electronic repositories).

10.     Omni objects to the subpoena to the extent it seeks electronically stored information that is not reasonably accessible to Omni.

11.     Omni objects to the subpoena to the extent it seeks information protected by any privilege, including the attorney-client privilege, work product immunity doctrine, common interest privilege, or any other applicable privilege, immunity, or restriction on discovery.  To the extent the subpoena seeks documents created because of litigation, Omni objects on the grounds that such documents are protected work product.  Any disclosure of privileged information by Omni in response to the subpoena shall not be deemed a waiver of any such privilege, and Omni expressly requests that any party that receives any such privileged information produced by Omni immediately return and not make use of any produced privileged information.

Hannah Cannom
January 18, 2024
Page 3

12.     Omni objects to the subpoena to the extent it seeks confidential financial, proprietary or trade secret information belonging to Omni or a third party, or any other information subject to a confidentiality agreement, protective order or legal duty of non-disclosure ("Confidential Information"), for example, insofar as the subpoena seeks information about "patent licensing offers by third parties to Omni via Omni's patent licensing program."  Omni will only produce information it deems confidential under a confidentiality agreement or protective order that it believes is suitable for the protection of its Confidential Information.  Even if an adequate protective order has been entered in the underlying action by the presiding court, Omni will only provide Confidential Information to the extent Omni can do so consistent with its legal, contractual and other confidentiality obligations.  Omni reserves the right to redact Confidential Information belonging to Omni or third parties, as well as information concerning irrelevant matters.

13.     Omni objects to the subpoena's definitions and instructions to the extent they purport to impose obligations on Omni in excess of any applicable federal or state codes of civil procedure, rules of evidence, or any other applicable law.

14.     Omni objects to the subpoena's definition of "Omni," "You," and "Your" on the grounds that the definition renders the subpoena overbroad, vague and ambiguous, and unduly burdensome.  These definitions call for speculation and a legal conclusion, and lead to the imposition of disproportionate discovery by seeking to include, among other things, other entities, including predecessors, affiliates, indirect parents, past or present directors, officers, agents, affiliates, representatives, consultants, attorneys, and the like.  Omni further objects to the subpoena to the extent it seeks information not currently in the possession, custody, or control of Omni.  For purposes of any request or topic incorporating the terms "Omni Bridgeway," "You" or "Your," the definitions are construed to mean only Omni Bridgeway, LLC.  Omni is not responding on behalf of any other person or entity.

15.     Omni objects to the subpoena to the extent it seeks documents or information that is not currently in the possession, custody, or control of Omni.

16.     Omni objects to the subpoena's definition of "MPH Patents" on the grounds that such definition renders the subpoena overbroad, vague and ambiguous, and unduly burdensome, especially insofar as the definition purports to broadly cover "any U.S. or foreign patent assigned to or owned by MPH," without establishing their relevance to any party's claims or defenses, and places the burden on Omni to determine what falls into the category Apple constructed.  To the extent any use of the defined term "MPH Patents" is understandable, Omni understands these requests as pertaining only to the enumerated patents U.S. Patent Nos. 8,346,949; 9,762,397; 9,712,494; 9,712,502; 9,838,362; 7,620,810; 7,937,581; and 8,037,302.

17.     Omni objects to the subpoena's definition of "MPH" on the grounds that the definition renders the subpoena overbroad, vague and ambiguous, and unduly burdensome, especially to the extent that it places the burden on Omni to identify "officers, directors, employees, partners, corporate parent(s), predecessors, subsidiaries, agents, or affiliates thereof, past or present," of "MPH Technologies Oy."  Omni further objects to the definition insofar as it seeks information that is already in the parties' possession, such as those documents already produced in this litigation, documents equally available to the parties to the action, or information that could otherwise be obtained by Apple from any party to the case, or any other non-party sources that are more convenient, less burdensome, or less expensive, including information available to Apple from public sources.

18.     Omni objects to Instruction Nos. 10 through 14 on the grounds that they purport to impose obligations on Omni in excess of the Federal Code of Civil Procedure, the Federal Rules of Evidence, or any other applicable law.  Omni further objects to the extent that the instructions demand the production

Hannah Cannom
January 18, 2024
Page 4

of information or documents not kept in the ordinary course of business, especially the admonition of Instruction No. 10 purporting to require Omni to search "all files or other sources that contain responsive Documents and things, wherever located and whether active, in storage, or otherwise" and Instruction No. 14, which purports to require particular production processes for electronic records. Omni will comply with its obligations, if any, under the applicable law.

19.     Omni objects to the subpoena to the extent it seeks information relating to the knowledge, recollections, or mental impressions of former employees who are no longer employed by Omni, or any other information that is no longer in the possession, custody, or control of Omni.

20.     Omni objects to the subpoena's use of "communication" as overbroad, vague and ambiguous, especially to the extent that the definitions render the subpoena and its enumerated requests unduly burdensome and disproportionate to the needs of the case. Omni further objects to the extent the definition purports to impose burdens or requirements that exceed or differ from the requirements of Federal Rules of Civil Procedure 26(b) and 45, the local rules of this Court, or the discovery orders in this action.

Omni reserves the right to assert additional objections, or to supplement its objections and responses as appropriate, particularly if any additional information regarding the subpoena or the underlying claims at issue is provided.

**Responses and Objections to Subpoena Document Requests**

Subject to and without waiving the above-listed objections, Omni responds to the subpoena's enumerated requests as follows:

**REQUEST FOR PRODUCTION NO. 1:**

All Documents (including communications) related to any assessments, including financial assessments, of one or more of the MPH Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

In addition to the above-listed objections, which are incorporated herein by reference, Omni specifically objects to this request on multiple grounds, including but not limited to the following: (1) it is unduly burdensome and overbroad as it is not reasonably limited or discernible in scope, especially to the extent that the request is not limited in time; (2) it is vague and ambiguous as to the phrase "assessments"; (3) it not identify how "any assessments" may relate to claims in the underlying litigation; (4) it seeks information that is not within Omni's possession, custody or control; (5) it seeks information that is not reasonably accessible by Omni without undue burden or cost; (6) it seeks protected or privileged information, including information prepared in anticipation of litigation; (7) it seeks information that is highly confidential, proprietary, that contains trade secrets, or is subject to a confidentiality agreement or protective order; and (8) it seeks information that is not proportionate to the needs of the case and not relevant to any party's claims or defenses; (9) it seeks information that is in the possession, custody, or control of a party to the underlying action or equally available from another source that is more convenient, less burdensome, or less expensive than requiring Omni to produce such information. As a non-party, Omni should not be subjected to the burden of searching for and producing such documents or information unless and until all reasonable means of obtaining that information directly from such other sources have been exhausted.

Hannah Cannom
January 18, 2024
Page 5

At this time, Omni is not willing to produce documents in response to this request, but is willing to meet and confer regarding the subpoena as set forth above.

**REQUEST FOR PRODUCTION NO. 2:**

Any Documents (including communications) concerning the value of any one or more of the MPH Patents (including, without limitation. for licensing purposes).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

In addition to the above-listed objections, which are incorporated herein by reference, Omni specifically objects to this request on multiple grounds, including but not limited to the following: (1) it is unduly burdensome and overbroad as it is not reasonably limited or discernible in scope, especially to the extent that the request is not limited in time; (2) it is vague and ambiguous as to the phrase "concerning the value"; (3) it is vague and ambiguous as to the phrase "for licensing purposes"; (4) it seeks information that is not reasonably accessible by Omni without undue burden or cost; (5) it seeks protected or privileged information, including information prepared in anticipation of litigation; (6) it seeks information that is highly confidential, proprietary, that contains trade secrets, or is subject to a confidentiality agreement or protective order; and (7) it seeks information that is not proportionate to the needs of the case and not relevant to any party's claims or defenses; (8) it seeks information that is in the possession, custody, or control of a party to the underlying action or equally available from another source that is more convenient, less burdensome, or less expensive than requiring Omni to produce such information. As a non-party, Omni should not be subjected to the burden of searching for and producing such documents or information unless and until all reasonable means of obtaining that information directly from such other sources have been exhausted.

At this time, Omni is not willing to produce documents in response to this request, but is willing to meet and confer regarding the subpoena as set forth above.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents (including communications) concerning any valuations, audits, or financial assessments of MPH.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

In addition to the above-listed objections, which are incorporated herein by reference, Omni specifically objects to this request on multiple grounds, including but not limited to the following: (1) it is unduly burdensome and overbroad as it is not reasonably limited or discernible in scope, particularly insofar as the request calls for "any" valuations, audits, or financial assessments of MPH, and to the extent this request is not limited to any such valuations, audits, or financial assessments in which Omni might be involved; (2) it is vague and ambiguous as to the phrase "valuations, audits, or financial assessments"; (3) it seeks information that is not within Omni's possession, custody or control; (4) it seeks information that is not reasonably accessible by Omni without undue burden or cost; (5) it seeks protected or privileged information, including information prepared in anticipation of litigation; (6) it seeks information that is highly confidential, proprietary, that contains trade secrets, or is subject to a confidentiality agreement or protective order; and (8) it seeks information that is not proportionate to the needs of the case and not relevant to any party's claims or defenses; (9) it is duplicative and/or does not identify how "valuations, audits, or financial assessments" are distinct from the "assessments" of Topic No.1; and (10) it seeks information that is in the possession, custody, or control of a party to the underlying action or equally available from another source that is more convenient, less burdensome, or

Hannah Cannom
January 18, 2024
Page 6

less expensive than requiring Omni to produce such information. As a non-party, Omni should not be subjected to the burden of searching for and producing such documents or information unless and until all reasonable means of obtaining that information directly from such other sources have been exhausted.

At this time, Omni is not willing to produce documents in response to this request, but is willing to meet and confer regarding the subpoena as set forth above.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents (including communications) concerning Your financial interest in this Litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

In addition to the above-listed objections, which are incorporated herein by reference, Omni specifically objects to this request on multiple grounds, including but not limited to the following: (1) it is unduly burdensome and overbroad as it is not reasonably limited or discernible in scope, especially to the extent that the request is not limited in time; (2) it is vague and ambiguous as to the phrase "financial interest"; (3) it not identify how any "financial interest" may relate to claims in the underlying litigation; (4) it seeks protected or privileged information, including information prepared in anticipation of litigation; (5) it seeks information that is highly confidential, proprietary, that contains trade secrets, or is subject to a confidentiality agreement or protective order; and (6) it seeks information that is not proportionate to the needs of the case and not relevant to any party's claims or defenses; (7) it seeks information that is in the possession, custody, or control of a party to the underlying action or equally available from another source that is more convenient, less burdensome, or less expensive than requiring Omni to produce such information. As a non-party, Omni should not be subjected to the burden of searching for and producing such documents or information unless and until all reasonable means of obtaining that information directly from such other sources have been exhausted.

At this time, Omni is not willing to produce documents in response to this request, but is willing to meet and confer regarding the subpoena as set forth above.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents (including communications) concerning the scope of the claims, potential infringement or non-infringement by any entity, validity or invalidity of the MPH Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

In addition to the above-listed objections, which are incorporated herein by reference, Omni specifically objects to this request on multiple grounds, including but not limited to the following: (1) it is unduly burdensome and overbroad as it is not reasonably limited or discernible in scope, especially to the extent that the request is not limited to the parties to the underlying litigation, and purports to seek information about "any entity" in existence; (2) it is vague and ambiguous as to the phrase "the scope of the claims" insofar as it places the burden on Omni to determine what "claims" the subpoena concerns, particularly as the request purportedly concerns the indiscernible breadth of "any entity"; (3) it is vague and ambiguous as to the phrase "potential infringement or non-infringement"; (4) it is vague and ambiguous as to the phrase "validity or invalidity"; (5) it seeks information that is not reasonably accessible by Omni without undue burden or cost; (6) it seeks protected or privileged information, including information prepared in anticipation of litigation; (7) it seeks information that is highly confidential, proprietary, that contains trade secrets, or is subject to a confidentiality agreement or protective order; and (8) it seeks information that is not proportionate to the needs of the case and not relevant to any party's claims or defenses, especially insofar as it purports to concern an indiscernible

Hannah Cannom
January 18, 2024
Page 7

breadth of "claims" and "entities"; (9) it seeks information that is in the possession, custody, or control of a party to the underlying action or equally available from another source that is more convenient, less burdensome, or less expensive than requiring Omni to produce such information.  As a non-party, Omni should not be subjected to the burden of searching for and producing such documents or information unless and until all reasonable means of obtaining that information directly from such other sources have been exhausted.

At this time, Omni is not willing to produce documents in response to this request, but is willing to meet and confer regarding the subpoena as set forth above.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents (including communications) related to Your relationship with MPH.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

In addition to the above-listed objections, which are incorporated herein by reference, Omni specifically objects to this request on multiple grounds, including but not limited to the following:  (1) it is unduly burdensome and overbroad as it is not reasonably limited or discernible in scope, especially to the extent that the request is not limited to the underlying litigation; (2) it is vague and ambiguous, and unduly burdensome as to the phrase "related to Your relationship" particularly as it purportedly seeks information not related to the underlying litigation; (3) it seeks information that is not proportionate to the needs of the case and not relevant to any party's claims or defenses, particularly as the subpoena nowhere explains how this information is relevant to any party's claims or defenses and it seeks information not related to the underlying litigation; (4) it seeks protected or privileged information; (5) it seeks information that is highly confidential, proprietary, that contains trade secrets, or is subject to a confidentiality agreement or protective order; and (6) it seeks information that is in the possession, custody, or control of a party to the underlying action or equally available from another source that is more convenient, less burdensome, or less expensive than requiring Omni to produce such information, especially to the extent this subpoena seeks information regarding a "relationship with MPH" as MPH is a party to the underlying litigation.  As a non-party, Omni should not be subjected to the burden of searching for and producing such documents or information unless and until all reasonable means of obtaining that information directly from such other sources have been exhausted.

At this time, Omni is not willing to produce documents in response to this request, but is willing to meet and confer regarding the subpoena as set forth above.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents (including communications) related to any assessments, including financial assessments, of any actual or potential litigation, including this Litigation, against any entity involving one or more of the MPH Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

In addition to the above-listed objections, which are incorporated herein by reference, Omni specifically objects to this request on multiple grounds, including but not limited to the following:  (1) it is unduly burdensome and overbroad as it is not reasonably limited or discernible in scope, especially to the extent that the request is not limited to the underlying litigation; (2) it is unduly burdensome and overbroad particularly insofar as the request calls for "any" assessments of "any" litigation, especially to the extent this request is not limited to such assessments in which Omni is involved; (3) it is vague and ambiguous, and unduly burdensome as to the phrase "assessments" particularly as it purportedly seeks

Hannah Cannom
January 18, 2024
Page 8

information about any assessment, whether or not related to the underlying litigation; (4) it seeks information that is not reasonably accessible by Omni without undue burden or cost; (5) it seeks protected or privileged information, including information prepared in anticipation of litigation, particularly to the extent it seeks information about "potential litigation," especially such information unrelated to the underlying litigation; (6) it seeks information that is highly confidential, proprietary, that contains trade secrets, or is subject to a confidentiality agreement or protective order; and (7) it seeks information that is not proportionate to the needs of the case and not relevant to any party's claims or defenses; (8) it seeks information that is in the possession, custody, or control of a party to the underlying action or equally available from another source that is more convenient, less burdensome, or less expensive than requiring Omni to produce such information, especially to the extent this subpoena seeks information regarding "MPH Patents" as MPH is a party to the underlying litigation.  As a non-party, Omni should not be subjected to the burden of searching for and producing such documents or information unless and until all reasonable means of obtaining that information directly from such other sources have been exhausted.

At this time, Omni is not willing to produce documents in response to this request, but is willing to meet and confer regarding the subpoena as set forth above.

**REQUEST FOR PRODUCTION NO. 8:**

Your communications (including emails) related to this Litigation, or any other litigation, including potential litigation, involving MPH or the MPH Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

In addition to the above-listed objections, which are incorporated herein by reference, Omni specifically objects to this request on multiple grounds, including but not limited to the following:  (1) it is unduly burdensome and overbroad as it is not reasonably limited or discernible in scope, especially to the extent that the request is not limited to the underlying litigation; (2) it is vague and ambiguous, and unduly burdensome as to the phrase "communications"; (3) it is vague and ambiguous as to the phrase "involving MPH or MPH Patents"; (4) it seeks information that is not reasonably accessible by Omni without undue burden or cost; (6) it seeks protected or privileged information, including information prepared in anticipation of litigation, particularly to the extent it seeks information about "potential litigation," especially such information unrelated to the underlying litigation; (7) it seeks information that is highly confidential, proprietary, that contains trade secrets, or is subject to a confidentiality agreement or protective order; and (8) it seeks information that is not proportionate to the needs of the case and not relevant to any party's claims or defenses; (9) it seeks information that is in the possession, custody, or control of a party to the underlying action or equally available from another source that is more convenient, less burdensome, or less expensive than requiring Omni to produce such information, especially to the extent this subpoena seeks information about communications "involving MPH," which is a party to the underlying litigation.  As a non-party, Omni should not be subjected to the burden of searching for and producing such documents or information unless and until all reasonable means of obtaining that information directly from such other sources have been exhausted.

At this time, Omni is not willing to produce documents in response to this request, but is willing to meet and confer regarding the subpoena as set forth above.

**REQUEST FOR PRODUCTION NO. 9:**

Your agreements with MPH related to this Litigation, or any other litigation, including potential litigation, involving MPH or the MPH Patents.

Hannah Cannom
January 18, 2024
Page 9

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

In addition to the above-listed objections, which are incorporated herein by reference, Omni specifically objects to this request on multiple grounds, including but not limited to the following:  (1) it is unduly burdensome and overbroad as it is not reasonably limited or discernible in scope, especially to the extent that the request is not limited to the underlying litigation; (2) it is vague and ambiguous, and unduly burdensome as to the phrase "agreements" insofar as it purportedly concerns any agreement, whether or not related to the underlying litigation; (3) it is vague and ambiguous as to the phrase "involving MPH"; (4) it is vague and ambiguous as to the phrase "validity or invalidity"; (5) it seeks information that is not reasonably accessible by Omni without undue burden or cost; (6) it seeks protected or privileged information, including information prepared in anticipation of litigation, particularly to the extent it seeks information about "potential litigation," especially such information unrelated to the underlying litigation; (7) it seeks information that is highly confidential, proprietary, that contains trade secrets, or is subject to a confidentiality agreement or protective order; and (8) it seeks information that is not proportionate to the needs of the case and not relevant to any party's claims or defenses; (9) it seeks information that is in the possession, custody, or control of a party to the underlying action or equally available from another source that is more convenient, less burdensome, or less expensive than requiring Omni to produce such information, especially to the extent this subpoena seeks "agreements with MPH," which is a party to the underlying litigation.  As a non-party, Omni should not be subjected to the burden of searching for and producing such documents or information unless and until all reasonable means of obtaining that information directly from such other sources have been exhausted.

At this time, Omni is not willing to produce documents in response to this request, but is willing to meet and confer regarding the subpoena as set forth above.

**Responses and Objections to Deposition Subpoena**

Subject to and without waiving the above-listed objections, Omni responds to the deposition subpoena as follows:

**DEPOSITION TOPIC NO. 1**

Any assessments, including financial assessments, of the MPH Patents.

**RESPONSE TO DEPOSITION TOPIC NO. 1**

In addition to the above-listed objections, which are incorporated herein by reference, Omni specifically objects to this request on multiple grounds, including but not limited to the following:  (1) it is unduly burdensome and overbroad as it is not reasonably limited or discernible in scope, especially to the extent that the request is not limited in time; (2) it is vague and ambiguous as to the phrase "assessments"; (3) it not identify how "any assessments" may relate to claims in the underlying litigation; (4) it seeks information that is not within Omni's possession, custody or control; (5) it seeks information that is not reasonably accessible by Omni without undue burden or cost; (6) it seeks protected or privileged information, including information prepared in anticipation of litigation; (7) it seeks information that is highly confidential, proprietary, that contains trade secrets, or is subject to a confidentiality agreement or protective order; and (8) it seeks information that is not proportionate to the needs of the case and not relevant to any party's claims or defenses; (9) it seeks information that is in the possession, custody, or control of a party to the underlying action or equally available from another source that is more convenient, less burdensome, or less expensive than requiring Omni to produce such information.  As a non-party, Omni should not be subjected to the burden of searching for and producing

such information unless and until all reasonable means of obtaining that information directly from such other sources have been exhausted.

At this time, Omni is not willing to produce a witness to testify regarding this topic, but is willing to meet and confer regarding the subpoena as set forth above.

**DEPOSITION TOPIC NO. 2**

Any Documents concerning the value of any one or more of the MPH Patents (including, without limitation, for licensing purposes).

**RESPONSE TO DEPOSITION TOPIC NO. 2**

In addition to the above-listed objections, which are incorporated herein by reference, Omni specifically objects to this request on multiple grounds, including but not limited to the following: (1) it is unduly burdensome and overbroad as it is not reasonably limited or discernible in scope, especially to the extent that the request is not limited in time; (2) it is vague and ambiguous as to the phrase "concerning the value"; (3) it is vague and ambiguous as to the phrase "for licensing purposes"; (4) it seeks information that is not reasonably accessible by Omni without undue burden or cost; (5) it seeks protected or privileged information, including information prepared in anticipation of litigation; (6) it seeks information that is highly confidential, proprietary, that contains trade secrets, or is subject to a confidentiality agreement or protective order; and (7) it seeks information that is not proportionate to the needs of the case and not relevant to any party's claims or defenses; (8) it calls for deposition testimony that would more properly be sought from an expert witness, including but not limited to testimony regarding the value of any patents; (9) it seeks information that is in the possession, custody, or control of a party to the underlying action or equally available from another source that is more convenient, less burdensome, or less expensive than requiring Omni to produce such information. As a non-party, Omni should not be subjected to the burden of searching for and producing such information unless and until all reasonable means of obtaining that information directly from such other sources have been exhausted.

At this time, Omni is not willing to produce a witness to testify regarding this topic, but is willing to meet and confer regarding the subpoena as set forth above.

**DEPOSITION TOPIC NO. 3**

Any valuations, audits, or financial assessments of MPH.

**RESPONSE TO DEPOSITION TOPIC NO. 3**

In addition to the above-listed objections, which are incorporated herein by reference, Omni specifically objects to this request on multiple grounds, including but not limited to the following: (1) it is unduly burdensome and overbroad as it is not reasonably limited or discernible in scope, particularly insofar as the request calls for "any" valuations, audits, or financial assessments of MPH, and to the extent this request is not limited to any such valuations, audits, or financial assessments in which Omni might be involved; (2) it is vague and ambiguous as to the phrase "valuations, audits, or financial assessments"; (3) it seeks information that is not within Omni's possession, custody or control; (4) it seeks information that is not reasonably accessible by Omni without undue burden or cost; (5) it seeks protected or privileged information, including information prepared in anticipation of litigation; (6) it seeks information that is highly confidential, proprietary, that contains trade secrets, or is subject to a confidentiality agreement or protective order; and (8) it seeks information that is not proportionate to the needs of the case and not relevant to any party's claims or defenses; (9) it is duplicative and/or does not identify how "valuations, audits, or financial assessments" are distinct from the "assessments" of Topic

No.1; and (10) it seeks information that is in the possession, custody, or control of a party to the underlying action or equally available from another source that is more convenient, less burdensome, or less expensive than requiring Omni to produce such information. As a non-party, Omni should not be subjected to the burden of searching for and producing such information unless and until all reasonable means of obtaining that information directly from such other sources have been exhausted.

At this time, Omni is not willing to produce a witness to testify regarding this topic, but is willing to meet and confer regarding the subpoena as set forth above.

**DEPOSITION TOPIC NO. 4**

Your financial interest in this Litigation.

**RESPONSE TO DEPOSITION TOPIC NO. 4**

In addition to the above-listed objections, which are incorporated herein by reference, Omni specifically objects to this request on multiple grounds, including but not limited to the following: (1) it is unduly burdensome and overbroad as it is not reasonably limited or discernible in scope, especially to the extent that the request is not limited in time; (2) it is vague and ambiguous as to the phrase "financial interest"; (3) it not identify how any "financial interest" may relate to claims in the underlying litigation; (4) it seeks protected or privileged information, including information prepared in anticipation of litigation; (5) it seeks information that is highly confidential, proprietary, that contains trade secrets, or is subject to a confidentiality agreement or protective order; and (6) it seeks information that is not proportionate to the needs of the case and not relevant to any party's claims or defenses; (7) it seeks information that is in the possession, custody, or control of a party to the underlying action or equally available from another source that is more convenient, less burdensome, or less expensive than requiring Omni to produce such information. As a non-party, Omni should not be subjected to the burden of searching for and producing such information unless and until all reasonable means of obtaining that information directly from such other sources have been exhausted.

At this time, Omni is not willing to produce a witness to testify regarding this topic, but is willing to meet and confer regarding the subpoena as set forth above.

**DEPOSITION TOPIC NO. 5**

Any Documents concerning the scope of the claims, potential infringement or non-infringement by any entity, validity or invalidity of the MPH Patents.

**RESPONSE TO DEPOSITION TOPIC NO. 5**

In addition to the above-listed objections, which are incorporated herein by reference, Omni specifically objects to this request on multiple grounds, including but not limited to the following: (1) it is unduly burdensome and overbroad as it is not reasonably limited or discernible in scope, especially to the extent that the request is not limited to the parties to the underlying litigation, and purports to seek information about "any entity" in existence; (2) it is vague and ambiguous as to the phrase "the scope of the claims" insofar as it places the burden on Omni to determine what "claims" the subpoena concerns, particularly as the request purportedly concerns the indiscernible breadth of "any entity"; (3) it is vague and ambiguous as to the phrase "potential infringement or non-infringement"; (4) it is vague and ambiguous as to the phrase "validity or invalidity"; (5) it seeks information that is not reasonably accessible by Omni without undue burden or cost; (6) it seeks protected or privileged information, including information prepared in anticipation of litigation; (7) it seeks information that is highly confidential, proprietary, that contains trade secrets, or is subject to a confidentiality agreement or

Hannah Cannom
January 18, 2024
Page 12

protective order; and (8) it seeks information that is not proportionate to the needs of the case and not relevant to any party's claims or defenses, especially insofar as it purports to concern an indiscernible breadth of "claims" and "entities"; (9) it calls for deposition testimony that would more properly be sought from an expert witness, including but not limited to testimony regarding patent validity or infringement; and (10) it seeks information that is in the possession, custody, or control of a party to the underlying action or equally available from another source that is more convenient, less burdensome, or less expensive than requiring Omni to produce such information. As a non-party, Omni should not be subjected to the burden of searching for and producing such information unless and until all reasonable means of obtaining that information directly from such other sources have been exhausted.

At this time, Omni is not willing to produce a witness to testify regarding this topic, but is willing to meet and confer regarding the subpoena as set forth above.

**DEPOSITION TOPIC NO. 6**

Your relationship with MPH.

**RESPONSE TO DEPOSITION TOPIC NO. 6**

In addition to the above-listed objections, which are incorporated herein by reference, Omni specifically objects to this request on multiple grounds, including but not limited to the following: (1) it is unduly burdensome and overbroad as it is not reasonably limited or discernible in scope, especially to the extent that the request is not limited to the underlying litigation; (2) it is vague and ambiguous, and unduly burdensome as to the phrase "relationship" particularly as it purportedly seeks information not related to the underlying litigation; (3) it seeks information that is not proportionate to the needs of the case and not relevant to any party's claims or defenses, particularly as the subpoena nowhere explains how this information is relevant to any party's claims or defenses and it seeks information not related to the underlying litigation; (4) it seeks protected or privileged information; (5) it seeks information that is highly confidential, proprietary, that contains trade secrets, or is subject to a confidentiality agreement or protective order; and (6) it seeks information that is in the possession, custody, or control of a party to the underlying action or equally available from another source that is more convenient, less burdensome, or less expensive than requiring Omni to produce such information, especially to the extent this subpoena seeks information regarding a "relationship with MPH" as MPH is a party to the underlying litigation. As a non-party, Omni should not be subjected to the burden of searching for and producing such information unless and until all reasonable means of obtaining that information directly from such other sources have been exhausted.

At this time, Omni is not willing to produce a witness to testify regarding this topic, but is willing to meet and confer regarding the subpoena as set forth above.

**DEPOSITION TOPIC NO. 7**

Any assessments, including financial assessments, of any actual or potential litigation, including this Litigation, against any entity involving any of the MPH Patents.

**RESPONSE TO DEPOSITION TOPIC NO. 7**

In addition to the above-listed objections, which are incorporated herein by reference, Omni specifically objects to this request on multiple grounds, including but not limited to the following: (1) it is unduly burdensome and overbroad as it is not reasonably limited or discernible in scope, especially to the extent that the request is not limited to the underlying litigation; (2) it is unduly burdensome and overbroad particularly insofar as the request calls for "any" assessments of "any" litigation, especially to

Hannah Cannom
January 18, 2024
Page 13

the extent this request is not limited to such assessments in which Omni is involved; (3) it is vague and ambiguous, and unduly burdensome as to the phrase "assessments" particularly as it purportedly seeks information about any assessment, whether or not related to the underlying litigation; (4) it seeks information that is not reasonably accessible by Omni without undue burden or cost; (5) it seeks protected or privileged information, including information prepared in anticipation of litigation, particularly to the extent it seeks information about "potential litigation," especially such information unrelated to the underlying litigation; (6) it seeks information that is highly confidential, proprietary, that contains trade secrets, or is subject to a confidentiality agreement or protective order; and (7) it seeks information that is not proportionate to the needs of the case and not relevant to any party's claims or defenses; (8) it seeks information that is in the possession, custody, or control of a party to the underlying action or equally available from another source that is more convenient, less burdensome, or less expensive than requiring Omni to produce such information, especially to the extent this subpoena seeks information regarding "MPH Patents" as MPH is a party to the underlying litigation. As a non-party, Omni should not be subjected to the burden of searching for and producing such information unless and until all reasonable means of obtaining that information directly from such other sources have been exhausted.

At this time, Omni is not willing to produce a witness to testify regarding this topic, but is willing to meet and confer regarding the subpoena as set forth above.

**DEPOSITION TOPIC NO. 8**

Your communications (including emails) related to this Litigation, or any other litigation, including potential litigation, involving MPH or the MPH Patents.

**RESPONSE TO DEPOSITION TOPIC NO. 8**

In addition to the above-listed objections, which are incorporated herein by reference, Omni specifically objects to this request on multiple grounds, including but not limited to the following: (1) it is unduly burdensome and overbroad as it is not reasonably limited or discernible in scope, especially to the extent that the request is not limited to the underlying litigation; (2) it is vague and ambiguous, and unduly burdensome as to the phrase "communications"; (3) it is vague and ambiguous as to the phrase "involving MPH or MPH Patents"; (4) it seeks information that is not reasonably accessible by Omni without undue burden or cost; (6) it seeks protected or privileged information, including information prepared in anticipation of litigation, particularly to the extent it seeks information about "potential litigation," especially such information unrelated to the underlying litigation; (7) it seeks information that is highly confidential, proprietary, that contains trade secrets, or is subject to a confidentiality agreement or protective order; and (8) it seeks information that is not proportionate to the needs of the case and not relevant to any party's claims or defenses; (9) it seeks information that is in the possession, custody, or control of a party to the underlying action or equally available from another source that is more convenient, less burdensome, or less expensive than requiring Omni to produce such information, especially to the extent this subpoena seeks information about communications "involving MPH," which is a party to the underlying litigation. As a non-party, Omni should not be subjected to the burden of searching for and producing such information unless and until all reasonable means of obtaining that information directly from such other sources have been exhausted.

At this time, Omni is not willing to produce a witness to testify regarding this topic, but is willing to meet and confer regarding the subpoena as set forth above.

**DEPOSITION TOPIC NO. 9**

Hannah Cannom
January 18, 2024
Page 14

Your agreements with MPH related to this Litigation, or any other litigation, including potential litigation, involving MPH or the MPH Patents.

**RESPONSE TO DEPOSITION TOPIC NO. 9**

In addition to the above-listed objections, which are incorporated herein by reference, Omni specifically objects to this request on multiple grounds, including but not limited to the following: (1) it is unduly burdensome and overbroad as it is not reasonably limited or discernible in scope, especially to the extent that the request is not limited to the underlying litigation; (2) it is vague and ambiguous, and unduly burdensome as to the phrase "agreements" insofar as it purportedly concerns any agreement, whether or not related to the underlying litigation; (3) it is vague and ambiguous as to the phrase "involving MPH"; (4) it is vague and ambiguous as to the phrase "validity or invalidity"; (5) it seeks information that is not reasonably accessible by Omni without undue burden or cost; (6) it seeks protected or privileged information, including information prepared in anticipation of litigation, particularly to the extent it seeks information about "potential litigation," especially such information unrelated to the underlying litigation; (7) it seeks information that is highly confidential, proprietary, that contains trade secrets, or is subject to a confidentiality agreement or protective order; and (8) it seeks information that is not proportionate to the needs of the case and not relevant to any party's claims or defenses; (9) it seeks information that is in the possession, custody, or control of a party to the underlying action or equally available from another source that is more convenient, less burdensome, or less expensive than requiring Omni to produce such information, especially to the extent this subpoena seeks "agreements with MPH," which is a party to the underlying litigation. As a non-party, Omni should not be subjected to the burden of searching for and producing such information unless and until all reasonable means of obtaining that information directly from such other sources have been exhausted.

At this time, Omni is not willing to produce a witness to testify regarding this topic, but is willing to meet and confer regarding the subpoena as set forth above.

**DEPOSITION TOPIC NO. 10**

The authenticity and/or admissibility of all Documents produced in response to Apple's Subpoena.

**RESPONSE TO DEPOSITION TOPIC NO. 10**

In addition to the above-listed objections, which are incorporated herein by reference, Omni specifically objects to this request on multiple grounds, including but not limited to the following: (1) it is seeking deposition testimony to authenticate records produced by Omni. Such testimony is unnecessary and unduly burdensome as records can be authenticated by a Certificate of Authenticity; and (2) it is improper to require a third party such as Omni to produce a witness to provide deposition testimony on the subject matter of "admissibility" of documents in the underlying litigation.

At this time, Omni is not willing to produce a witness to testify regarding this topic.

As noted above, I invite you to contact me at jen@warrenkashwarren.com to set up a time to discuss the subpoena further.

Very Truly Yours,

Jennifer A. Kash