# EXHIBIT B

2261 MARKET STREET, NO. 606
SAN FRANCISCO, CALIFORNIA, 94114

**Warren Kash Warren**

WARRENKASHWARREN.COM
+1 (415) 895 2940

April 17, 2024

**By Electronic Mail**

Hannah Cannom
WSC LLP
500 Molino Street, 118
Los Angeles, CA, 90013
hcannom@wscllp.com

**Re:** Subpoena Regarding MPH Technologies Oy v. Apple, Inc., Case No. 18-05935 (N.D. Cal.)

Hannah:

I write to follow up on our meet and confer discussions regarding the subpoena for deposition testimony and documents served on Omni Bridgeway (USA) LLC ("Omni") by Defendant Apple, Inc. ("Apple") on December 4, 2023 (the "subpoena") in the above-referenced matter. In general, the subpoena seeks documents and information regarding its relationship with MPH Technologies OY ("MPH"), the plaintiff in the underlying litigation against Apple ("underlying litigation"). It is Omni's understanding that the deadline to complete fact discovery in the underlying litigation is October 7, 2024, and that Apple has filed no motions to compel against MPH in the underlying litigation regarding this subject matter.

Omni served its response to the subpoena on Thursday, January 18, 2024. Apple requested a call to discuss. On this Tuesday, February 7, 2024, call, you informed us that Apple would not be moving forward with a deposition at that time but that it was seeking documents in Omni's possession it contended were relevant to the underlying litigation. During this call, we asked if documents sought from third party Omni had already been sought from MPH, the party to the litigation. As conflicts counsel, you stated that you were unaware of the status of party discovery at the time. We then asked why the documents being sought from Omni were relevant to the underlying litigation. You noted that Apple believed Omni might have documents in its possession relevant to the issues of "damages and standing" but did not provide any specifics. At the conclusion of the call, you agreed to check in on the status of party discovery, and specifically asked us to search whether or not Omni had any non-privileged documents responsive to the subpoena that it had not shared with MPH, which MPH would presumably therefore not be able to produce themselves. We did, and reported to you on our follow-up call of Friday, February 16, 2024, that Omni has no such documents.

During that same meet and confer of February 16, you then asked us to produce "the agreement" between MPH and Omni, and on Tuesday, April 9, you informed us of Apple's position that (1) Omni's production of such an agreement would assist Apple in party discovery, and (2) Apple has a right to obtain documents from a third party even if the party has access to the same documents and information. We agreed to discuss it with our client and get back to you.

Ultimately, despite Omni's objections in response to Apple's subpoena and our subsequent requests, Apple has not articulated any relevance to the underlying litigation of its request for an "agreement" between Omni and MPH, and Omni is aware of none. Courts in this District routinely quash subpoenas seeking documents where a subpoenaing party has not established the relevance of its requests to any party's claims or defenses, and instead "essentially says that having the information would be helpful to its case"; such a reason "does not strike the court as a compelling need, or even a substantial one, for the documents sought." *Verigy US, Inc. v. Mayder*, No. 07-04330, 2008 WL 4866290, at *2 (N.D. Cal. Nov.

Hannah Cannom
April 17, 2024
Page 2

7, 2008).  "The party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings.'"  *Khan v. Rogers*, No. 17-05548, 2018 WL 5849010, at *4 (N.D. Cal. Nov. 6, 2018).

We had our most recent call on April 9, 2024.  In advance of that call, we asked you for an update on party discovery, and during the call, you informed us that the parties continue to discuss Apple's request for "the agreement" between MPH and Omni, and that no motion to compel MPH is pending.  As we noted previously, Omni maintains that third party discovery is not an appropriate forum to, as you put it on our call, "short circuit" party discovery.  "[T]his information, if the trial court deems it discoverable, can be sought from [MPH], who are parties to the litigation, rather than burdening non-parties."  *Broadband iTV, Inc. v. Hawaiian Telecom*, No. 15-MC-80053, 2015 WL 1778432, at *3 (N.D. Cal. Apr. 17, 2015) (citing *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007)).  Indeed, as a party to the underlying litigation, MPH is in a better position to assess the relevancy of *any* cumulative documents that might also happen to be in Omni's possession.  "There is simply no reason to burden nonparties when the documents sought are in possession of the party defendant."  *Nidec*, 249 F.R.D. at 577.  We therefore asked you to update us on Apple's efforts regarding such "agreement" in party discovery, if any.

In the meantime, you requested that Omni produce responsive third party communications not shared with MPH, and a privilege log of internal Omni communications "regarding MPH."  We do not see how such documents are relevant to any claims or defenses at issue in the underlying litigation, and it would be unduly burdensome for third-party Omni to fish through its files to find something that has yet to be defined under any relevance theory or to prepare a privilege log of irrelevant communications.  We do remain willing to meet and confer to discuss why Apple contends such a search by Omni is likely to lead to information relevant to the underlying litigation.

Thank you for your time and consideration in this matter.

Very Truly Yours,

Jennifer A. Kash