# EXHIBIT F



|  |  |
|---|---|
| To: | Members of the Public and the Northern District of California Bar |
| From: | Office of the Clerk |
| Subject: | Summary of proposed revisions to the Civil Local Rules; invitation for public comment |
| Date: | September 27, 2022 |

## Clerk's Office Memorandum

The Judges of the United States District Court for the Northern District of California have approved the following proposed modifications to the Civil Local Rules. Pursuant to Civil Local Rule (L.R.) 83-2(b), the Court hereby posts the following proposed modifications for public comment. Redlined and "clean" copies of the proposed modifications are attached.

Comments or suggestions may be submitted to media@cand.uscourts.gov.

**Any comments or suggestions must be received by Thursday, October 27, 2022, at 4:00 p.m. PDT.**

### Summary of Proposed Revisions

**Civil L.R. 3-15: Disclosure of Conflicts and Interested Entities or Persons.** This revision adds language requiring parties to notify the court whether the party is aware of any conflicts, financial or otherwise, that the presiding judge might have with the parties to the litigation, in addition to disclosing any non-party interested entities or persons. The requested information must be promptly supplemented as the litigation progresses. These representations are required to assist the judges of the court in evaluating possible disqualification or recusal and in meeting their responsibility under the Courthouse Ethics and Transparency Act ("CETA"), enacted May 13, 2022. Pub. L. No. 117-125, 136 Stat. 1205 (2022).

**Proposed Modifications to Civil Local Rules (Redlined Copy)**

3-15. Disclosure of <ins>Conflicts and</ins> <del>Non-party</del> Interested Entities or Persons

   (a) <del>Certification.</del> <ins>Each non-governmental party must:</ins>

      <ins>(1) file a "Certification of Conflicts and Interested Entities or Persons" with its first appearance, filing, or other request addressed to the court;</ins>

      <ins>(2) file such Certification as a separate document; and</ins>

      <ins>(3) promptly file a supplemental Certification if any required information changes.</ins>

   <del>(1)</del> <ins>Contents.</ins><del>Upon making a first appearance in any proceeding in this Court, each party pro se party and attorney must file with the Clerk a "Certification of Interested Entities or Persons" pursuant to this Rule. The Rule does not apply to any governmental entity or its agencies.</del>

   <ins>(b)</ins>

      <del>(a)</del> The Certification must disclose whether the <del>pro se party or attorney</del> <ins>party</ins> is aware of any conflict, financial or otherwise, that the presiding judge may have with the parties to the litigation.

      <ins>(1)</ins>

      <del>(1)</del> The Certification must <ins>also</ins> disclose any persons, associations of persons, firms, partnerships, corporations (including<ins>, but not limited to,</ins> parent corporations), or <ins>any</ins> other entities<ins>,</ins> other than the parties themselves<ins>,</ins> known by the party to have either: (i) a financial interest of any kind in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

      <ins>(2)</ins>

      <del>(2) If a pro se party or attorney has no disclosure to make pursuant to subparagraph (a)(11 and 2), that party or attorney must so certify.must make a certification stating that no such interest is known other than that of the named parties to the action. A party has a continuing duty to supplement its certification if an entity becomes interested within the meaning of section (1) during the pendency of the proceeding.</del>

      <del>(3) A pro se party or attorney must promptly file an amended Certification if any material change occurs in the status of the interested parties, as through merger or acquisition.</del>

      <del>(4)</del><ins>(3)</ins>  For purposes of this Rule, the terms "proceeding" and "financial interest" shall have the meaning assigned by 28 U.S.C. § 455 (d)(1), (3) and (4), respectively.

   <ins>(c)</ins> Form of Certification.

      <ins>(1) If there is a conflict about which the party is aware, the Certification shall state:</ins>

         <ins>"Pursuant to Civil L.R. 3-15, the undersigned certifies that it is believed that the court has a conflict with (List names). Signature, Attorney of Record or Pro Se Party."</ins>

      <del>(1) The Certification of Interested Entities or Persons must take the following form, as appropriate to the proceeding:</del>

(2) If there is an interest to be certified<ins>, the Certification shall state</ins>:

"Pursuant to Civil L.R. 3-15, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including<ins>, but not limited to,</ins> parent corporations), or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: (List names and identify their connection and interest). Signature, Attorney of Record <ins>or Pro Se Party</ins>."

~~—~~If there is no <ins>conflict or</ins> interest to be certified<ins>, the Certification shall state</ins>:

"Pursuant to Civil L.R. 3-15, the undersigned certifies that as of this date, <ins>there is no conflict or</ins> ~~other than the named parties, there is no such~~ interest <ins>(other than the named parties)</ins> to report. Signature, Attorney of Record <ins>or Pro Se Party</ins>."

~~(3) If there is a conflict about which the pro se party or attorney is aware: "Pursuant to Civil L.R. 3-15, the undersigned certifies that it is believed that the court has a conflict with (List names). Signature, Attorney of Record."~~

~~(4) Certification, pursuant to this subsection, must be filed as a separate document.~~

<ins>(3)</ins>

**Proposed Modifications to Civil Local Rules (Clean Copy)**

**3-15.  Disclosure of Conflicts and Interested Entities or Persons**

   (a) Each non-governmental party must:

      (1) file a "Certification of Conflicts and Interested Entities or Persons" with its first appearance, filing, or other request addressed to the court;

      (2) file such Certification as a separate document; and

      (3) promptly file a supplemental Certification if any required information changes.

   **(b) Contents.**

      (1) The Certification must disclose whether the party is aware of any conflict, financial or otherwise, that the presiding judge may have with the parties to the litigation.

      (2) The Certification must also disclose any persons, associations of persons, firms, partnerships, corporations (including, but not limited to, parent corporations), or any other entities, other than the parties themselves, known by the party to have either: (i) a financial interest of any kind in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

      (3) For purposes of this Rule, the terms "proceeding" and "financial interest" shall have the meaning assigned by 28 U.S.C. § 455 (d)(1), (3) and (4), respectively.

   (c) **Form of Certification**.

      (1) If there is a conflict about which the party is aware, the Certification shall state:

      "Pursuant to Civil L.R. 3-15, the undersigned certifies that it is believed that the court has a conflict with (List names). Signature, Attorney of Record or Pro Se Party."

      (2) If there is an interest to be disclosed, the Certification shall state:

      "Pursuant to Civil L.R. 3-15, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including, but not limited to,  parent corporations), or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: (List names and identify their connection and interest). Signature, Attorney of Record or Pro Se Party."

      (3) If there is no conflict or interest to be disclosed, the Certification shall state:

      "Pursuant to Civil L.R. 3-15, the undersigned certifies that as of this date, there is no conflict or interest (other than the named parties) to report. Signature, Attorney of Record or Pro Se Party."