# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APPLE INC.<br><br>　　　　Petitioner,<br><br>　　v.<br><br>OMNI BRIDGEWAY LLC<br><br>　　　　Respondent. | )<br>)<br>)<br>)<br>)<br>) Misc. Case No. 24-mc-330-CFC<br>)<br>) (*MPH v. Apple Inc.*, Case No.<br>) 3:18-cv-05935-TLT; pending<br>) in U.S.D.C. N.D. Cal.)<br>)<br>) |

### PETITIONER APPLE INC.'S OPPOSITION TO RESPONDENT OMNI BRIDGEWAY LLC'S MOTION TO TRANSFER

1.　　Petitioner Apple Inc. respectfully opposes the motion to transfer filed by Respondent Omni Bridgeway LLC ("Omni") (D.I. 10), which seeks to transfer Apple's subpoena-related action, including Apple's motion to compel Omni to comply with Apple's subpoena (D.I. 3), to the Northern District of California. Omni is a Delaware corporation; Apple served its subpoena in this District; and, this District is the district of compliance under Fed. R. Civ. P. 45. Because Omni is financing the plaintiff (MPH Technologies) in the underlying litigation against Apple, Omni possesses documents and communications relevant to that case, including to issues related to damages, patent valuation, standing, trial themes, infringement, and validity. Omni has failed to demonstrate that the Court should exercise its discretion and transfer this motion because Omni is a Delaware corporation, there is no risk of inconsistent rulings, and transfer will inject unnecessary delay that is likely to be more disruptive to the underlying litigation. The Court therefore should exercise its discretion to deny Omni's motion to transfer.

1

2. On September 27, 2018, MPH Technologies Oy filed a patent infringement lawsuit against Apple in the Northern District of California, asserting eight patents. The case was stayed in 2019, and the stay was lifted in January 2023. On December 4, 2023, Apple served an amended subpoena on Omni, a Delaware limited liability company, through Omni's registered agent for service of process in Delaware. D.I. 6. The subpoena seeks nine categories of documents and testimony on ten topics that Omni, as a funder, will have in its possession, including: (1) the relationship between Omni and MPH, including agreements between the two companies; (2) Omni's involvement in the underlying lawsuit; and (3) communications among Omni, MPH, or other third parties about MPH or the underlying litigation. D.I. 3 at 1-3. As laid out more fully in Apple's motion to compel, Omni's relationship with MPH and its involvement in the underlying litigation is relevant to issues such as standing, who the real party in interest is in the underlying litigation, and to rebut certain trial themes that MPH might attempt, such as a "David vs. Goliath" theme. *Id.* at 5-10. Further, Omni's investigation into MPH's portfolio, communications with MPH and others related to Apple and the litigation, as well as any internal analyses about MPH or its patents are relevant to damages, patent valuation, infringement, and validity. *Id.* at 5-11.

3. "Subpoenas are essential to obtain discovery from non-parties." Fed. R. Civ. P. 45(f) Committee Notes on Rules—2013 Amendment. In 2013, Federal Rule of Civil Procedure 45 was amended to clarify that a subpoena must "issue from the court where the action is pending" while requiring compliance in the jurisdiction where the respondent is located. Fed. R. Civ. P. 45(a)(2), 45(c), 45(f). Rule 45

1611603484

provides a discretionary mechanism that permits the district of compliance to transfer a motion to another forum "if the person subject to the subpoena consents." Fed. R. Civ. P. 45(f). But contrary to Omni's argument, consent by the subpoenaed party does not mean the Court must transfer the subpoena-related action to the court hearing the underlying dispute. *See In re I.M. Wilson, Inc.*, No. 21-mc-122-RGA-MPT, 2022 WL 1239905, at *2 (D. Del. Apr. 27, 2022). Rather, "Rule 45(f) is permissive," *see Matter of Sessions*, No. 1:23-mc-00016-JB-B, 2023 WL 7308425, at *3 (S.D. Ala. Nov. 6, 2023), and "it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions," Fed. R. Civ. P. 45(f) Committee Notes on Rules—2013 Amendment.

4. As the movant, Omni has not demonstrated that transfer is warranted here. *See In re I.M. Wilson*, 2022 WL 1239905, at *2 (burden is on proponent of transfer); *see also N. Atl. Operating Co., Inc. v. Dunhuang Grp.*, No. 18-mc-154-LPS, 2018 WL 3381300, at *1 (D. Del. July 11, 2018) (same). Although Omni is not required to demonstrate "exceptional circumstances," Omni nonetheless has the burden to demonstrate that the Court should exercise its discretion and transfer the matter. *See SEC v. Markman Biologics Corp.*, No. 23-MC-432 (VEC), 2023 U.S. Dist. LEXIS 226968, at *4-5 (S.D.N.Y. Dec. 15, 2023) (denying transfer despite consent); *WSOU Invs., LLC v. Salesforce, Inc.*, No. 3:23-cv-00023-RCJ-CSD, 2023 WL 8556305, at *16 (D. Nev. Dec. 11, 2023) (similar).

5. Omni does not dispute that Apple's motion to compel is properly before this Court. Omni is a Delaware corporation (D.I. 3 at 2) and was served with the subpoena in this District (D.I. 6). Thus, Omni has availed itself of this jurisdiction

1611603484

and cannot be heard to complain that Apple filed its motion to compel here.  Indeed, Omni does not claim this District is improper or inconvenient.  Omni instead makes two incorrect arguments: (1) Omni distorts the statutory text, which vests the district court with discretion to decide whether to transfer, to suggest that transfer is automatic whenever the respondent requests it; (2) Omni argues without meaningful support that transfer will promote "judicial economy" and "prevent the risk of inconsistent rulings." D.I. 10 at ¶ 4.  Omni is wrong on both counts.

6. Under Rule 45(f), the Court has the discretion to retain jurisdiction over this dispute.  *See* Fed. R. Civ. P. 45(f) ("When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents … ." (emphasis added)).  Transfer under Rule 45(f) is left to the sound discretion of the Court.  *See Full Circle United, LLC v. Bay Tek Ent., Inc.*, 581 F. Supp. 3d 523, 524 (S.D.N.Y. 2022) (transfer under Rule 45(f) "is within the discretion of this Court"); *Gov't Emps. Health Ass'n v. Actelion Pharms., Ltd.*, No. 2:22-mc-37, 2022 WL 5414401, at *2 (S.D. Ohio Oct. 7, 2022) ("Rule 45(f) is discretionary.").  As demonstrated above, the circumstances favoring transfer must outweigh Apple's strong interest in resolving this motion without the delay that a transfer will introduce.  *See In re I.M. Wilson*, 2022 WL 1239905, at *2;  *Markman Biologic*, 2023 U.S. Dist. LEXIS 226968, at *4-5 (denying transfer despite consent); *WSOU*, 2023 WL 8556305, at *16 (similar).

7. First, Omni is a Delaware corporation, and Omni should expect to be held to account in this District and cannot complain that Apple filed its motion here.

*See* D.I. 3 at 2; D.I. 10 at ¶ 6.  Indeed, "[i]t is not unreasonable to serve a subpoena *duces tecum* upon a third party in a district where said party resides or does business." *Verizon Trademark Servs. LLC v. The Producers, Inc.*, No. 11-227-SLR, 2012 U.S. Dist. LEXIS 5660, at *3 (D. Del. Jan. 18, 2012).  And it is certainly not unreasonable to move to compel in that third party's district of residence when the third party refuses to comply with the subpoena.  Thus, Delaware has an interest in resolving this matter where the respondent is incorporated in Delaware.  *See In re I.M. Wilson*, 2022 WL 1239905, at *2 (acknowledging that a party's place of incorporation is a factor disfavoring transfer).

8. Omni's suggestion that its "consent to transfer renders consideration of other factors unnecessary," D.I. 10 at ¶ 2, misstates the *Daimler* decision.  There, Magistrate Judge Fallon found the respondent's consent was sufficient because the subpoenaing party "cited no authority supporting denial of a motion to transfer when the party subject to the subpoena consented to have the matter transferred to the issuing court." *In re Daimler Truck N. Am., LLC*, No. 23-mc-90-RGA-SRF, 2023 WL 2456069, at *2 (D. Del. Mar. 10, 2023).  Judge Fallon was not presented with *Markman Biologics* and *WSOU*, in which two other district courts declined to transfer subpoena-related matters despite the consent of the subpoenaed party. *Markman Biologics*, 2023 U.S. Dist. LEXIS 226968; *WSOU*, 2023 WL 8556305 (overruling objections to magistrate judge's denial of transfer where the magistrate judge's "decision to prioritize other considerations and deny transfer is certainly not contrary to the letter of the law"). *Markman Biologics* is instructive.  There, the court analyzed Rule 45(f), found that the legal issue had not yet been decided in the

5

underlying litigation, and viewed the motion to transfer as a delay tactic that "would merely enable Respondents to continue dragging their feet rather than comply with the Subpoenas." 2023 U.S. Dist. LEXIS 226968, at *5. Similarly, here, Omni's request to stay briefing on the motion to compel will only serve to further delay the enforcement of Apple's proper subpoena.[1]

9. Second, the reasons to consider transfer identified in the Committee Notes on Rules—2013 Amendment are not present here. The Committee Notes state that "[i]n some circumstances … transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." Here, there is no danger of disrupting the issuing court's management of the underlying litigation. Several months remain in fact discovery, which closes on October 7, 2024, and trial is scheduled for March 24, 2025. *See* Ex. 1. Thus, this Court's resolution of Apple's motion to compel will not disrupt the schedule in the underlying case. On the contrary, transferring Apple's motion to the Northern District of California will inject unnecessary delay in the proceedings that could disrupt the October 7 close of fact discovery.

---

[1] As further evidence of Omni's dilatory tactics, Omni filed its opposition to Apple's motion to compel five days late. Apple filed its motion to compel at 5:50pm ET on July 3, 2024, and promptly served the papers on Omni's counsel, which set the deadline to respond for July 17, 2024. D.I. 3 (confirming July 17 deadline). When Omni did not file its opposition by July 19, Apple alerted Omni that it missed the deadline and asked whether it intended to seek leave to file the opposition out of time. Ex. 4. Omni incorrectly claimed its opposition was due July 22, 2024, and cited no rule supporting that date. *Id.* Omni ignored Apple's offer to meet and confer and filed out of time without seeking leave. D.I. 18.

6

1611603484

10. It also is not true that the issuing court "has already ruled on issues presented by the motion" (*id.*), so Omni is incorrect that there is a "risk of inconsistent rulings" (D.I. 10 at ¶ 4). Rather, the California court has not ruled on any discovery disputes related to the relevance of Omni's documents and testimony. Indeed, Omni concedes that Apple's motion to compel similar discovery in the possession of MPH was deferred by the California court. *See* D.I 10 ¶ 4 (ordering "the parties further meet and confer"); *see also id.*, Ex. B (denying Apple's motion to compel MPH documents "without prejudice"). Particularly where the issuing court has not decided the issue, as the Rule 45(f) Committee Notes on Rules—2013 Amendment acknowledge, "it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions." *See, e.g.*, *Backertop Licensing LLC v. Canary Connect, Inc.*, No. 23-2367, D.I. 51 at *3 (Fed. Cir. July 16, 2024); *In re Nimitz Techs. LLC*, No. 2023-103, 2022 WL 17494845, at *2-3 (Fed. Cir. Dec. 8, 2022).

11. But even if the California court decides whether MPH should produce its information related to its relationship with Omni, Apple's motion to compel seeking discovery from Omni is different. The document requests and testimony topics are not co-extensive; here, Apple seeks Omni's evaluations of the patents, Omni's internal documents related to MPH, and its communications with MPH and third parties. *See* D.I. 5, Ex. A at 7, 11-12. Whether MPH's self-serving documents about itself and its portfolio are relevant is a different legal question from whether Omni's diligence and communications about MPH and this litigation are. And Omni admits that the information sought in Apple's amended subpoena is not in MPH's

possession, and therefore it is best sought from Omni. *See* D.I. 5, Ex. B at ¶¶ 1, 15, 17. Thus, this case is not like *In re Bestwall*, in which the Court ordered transfer where the movant or its privy had already litigated the relevant issues elsewhere, triggering collateral estoppel. *In re Bestwall LLC*, No. 21-mc-141-CFC, 2022 WL 4465202, at *3 (D. Del. Sept. 26, 2022). Because Omni is a third-party, the legal analysis as to whether Omni should be ordered to produce discoverable information is distinct from the legal analysis vis-à-vis MPH. In any event, if the California court issues an order regarding MPH, "this court is fully capable of reviewing the orders in the record." *In re I.M. Wilson, Inc.*, 2022 WL 1239905, at *2 (declining to transfer where the transferee court had already decided some discovery disputes). Indeed, MPH does not appear concerned with asking other districts to resolve its subpoenas. MPH recently moved to compel compliance of its subpoena to VirnetX Inc in the District of Nevada, seeking damages-related discovery, but did not seek to transfer that motion to the Northern District of California. Ex. 2 (motion); Ex. 3 (docket).

12. The Court should exercise its discretion and decide Apple's motion to compel because Omni's status as a Delaware company warrants deciding the issue locally, and deciding Apple's motion in this District expeditiously will not lead to inconsistent rulings or disrupt the underlying proceedings. On the other side of the coin, Omni has failed to identify any facts to support transfer. *See SharkDiver Consulting Inc. v. Gemini Direct LLC*, No. 24-mc-00016-PHX-JJT, 2024 WL 2863508, at *2 (D. Ariz. June 6, 2024) (denying a Rule 45(f) motion to transfer because respondents "conclusorily argue but fail to demonstrate … a material issue

1611603484

wrapped up in [petitioner's] motion that has been or is being considering by the subpoena issuing court in the underlying litigation.").

| | |
|---|---|
| Dated:  July 26, 2024 | Respectfully submitted,<br><br>**DLA PIPER LLP (US)**<br><br>*/s/ Brian A. Biggs*<br>Brian A. Biggs (DE Bar No. 5591)<br>1201 North Market Street, Suite 2100<br>Wilmington, DE 19801-1147<br>Telephone: (302) 468-5700<br>Facsimile: (302) 394-2341<br>brian.biggs@us.dlapiper.com<br><br>*Attorney for Movant Apple Inc.* |

## WORD COUNT CERTIFICATION

The undersigned hereby certifies that Petitioner Apple Inc.'s Opposition to Respondent Omni Bridgeway LLC's Motion to Transfer contains 2,292 words (exclusive of the table of contents, heading, tables of parties' proposed construction, and signature block) in Times New Roman 14-point font, counted using Microsoft Word's word count feature.

*/s/ Brian A. Biggs*
Brian A. Biggs (DE Bar No. 5591)
