# EXHIBIT D

PATRICIA L. PEDEN, ESQ. (SBN 206440)
ppeden@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
1901 Harrison Street, Suite 900
Oakland, CA 94612
Telephone:    (510) 273-8780
Facsimile:    (510) 839-9104

CHRISTOPHER J. LEE (*pro hac vice*)
clee@leesheikh.com
DAVID J. SHEIKH (*pro hac vice*)
dsheikh@leesheikh.com
BRIAN E. HAAN (*pro hac vice*)
bhaan@leesheikh.com
ASHLEY E. LAVALLEY (*pro hac vice*)
alavalley@leesheikh.com
DRAGAN GJORGIEV (*pro hac vice*)
dgjorgiev@leesheikh.com
JAMES D. MITCHELL (*pro hac vice*)
jmitchell@leesheikh.com
LEE SHEIKH & HAAN LLC
125 South Clark Street, Suite 1175
Chicago, IL 60604
Telephone:    (312) 982-0070
Facsimile:    (312) 982-0071

Attorneys for Plaintiff
*MPH TECHNOLOGIES OY*

BITA RAHEBI (SBN 209351)
brahebi@mofo.com
RYAN J. MALLOY (SBN 253512)
rmalloy@mofo.com
ROSE S. LEE (SBN 294658)
roselee@mofo.com
NIMA KIAEI (SBN 336142)
nkiaei@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California 90017
Telephone: (213) 892-5200
Facsimile: (213) 892-5454

RICHARD S.J. HUNG (SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

Attorneys for Defendant
*APPLE INC.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MPH TECHNOLOGIES OY,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Case No.  3:18-cv-05935-TLT<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Case Management Conference<br>Date: July 25, 2024<br>Time: 2:00 p.m. PST<br>Place: San Francisco Courthouse,<br>Courtroom 9 (**Videoconference**)<br>Judge: Hon. Trina L. Thompson |

In accordance with Civil L.R. 16-10(d), paragraph 13 of the Court's Standing Order for Patent Cases, and the Court's June 18, 2024 Order granting MPH's unopposed motion for an expedited case status and management conference (ECF No. 139), and the Standing Order for the Northern District of California on Contents of Joint Case Management Statement, Plaintiff MPH Technologies Oy ("MPH") and Defendant Apple Inc. respectfully submit this Joint Case Management Statement for the Further Case Management Conference on July 25, 2024.

This Statement first addresses the issues in the Court's Standing Order for All Judges— Contents of Joint Case Management Statement. This Statement then addresses the issues in the Court's Patent Standing Order.

## PARTIES' STATEMENT ON ISSUES IN STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

### 1. Jurisdiction and Service

The parties have no additional updates to this section since the initial Case Management Statement, filed on April 6, 2023. (ECF No. 80.)

### 2. Facts

MPH filed this lawsuit on September 27, 2018 alleging that Apple has willfully infringed MPH's patents directed to secure electronic communications. Apple denies MPH's allegations and contends that MPH's patents are invalid.

The lawsuit was stayed for nearly four years while eight Apple-initiated *inter partes* reviews of MPH's patents were adjudicated in the U.S. Patent and Trademark Office and the U.S. Court of Appeals for the Federal Circuit. After completion of the *inter partes* reviews, the Court lifted the stay.

The Court held a Case Management Conference on April 13, 2023. (ECF No. 82.) It issued a Case Management and Scheduling Order setting the case through trial, including:

- December 11, 2023: Claim construction hearing
- October 7, 2024: Deadline to complete fact discovery
- December 17, 2024: Deadline to file dispositive motions

- February 20, 2025: Final Pretrial Conference
- March 24, 2025: Trial

(ECF No. 83.)

On December 1, 2023, MPH filed a motion to amend its infringement contentions: (1) to add as accused instrumentalities Apple products that were introduced after MPH provided its May 15, 2023 infringement contentions; and (2) to add allegations of infringement of the '949 patent family (five patents) under the doctrine of equivalents ("DOE") if the Court were to adopt Apple's proposed constructions of certain disputed patent terms. Apple did not oppose the former amendments, but did oppose the latter amendments.

The Court held a claim construction hearing on December 11, 2023. (ECF No. 106.) The Court issued an *Order Construing Claims* on January 3, 2024. (ECF No. 109.)

**Summary of MPH's Position on Impact of the Court's Claim Construction and Ensuing Motion Practice:** The Court adopted some of MPH's proposed constructions of disputed terms. The Court also adopted its own construction of one of the disputed terms and Apple's proposed constructions of some of the disputed terms in the '949 patent family. Some of these constructions form the bases for MPH's motion for leave to amend its infringement contentions to include allegations of infringement of the '949 patent family under the DOE. (ECF No. 109, at pp. 4-7, 13-14.) The Court also ruled that the asserted claims of the '581 patent were indefinite, id., at pp. 17-18, effectively rendering the '581 patent claims invalid and taking it out of this case, subject to reconsideration and appeal. Based on the Court's adoption of Apple's proposed construction of some of the disputed terms in the '949 patent family, the parties have minimized discovery related to the '949 patent family pending a ruling on MPH's motion for leave to amend. And based on the Court's finding that the asserted claims of the '581 patent are indefinite, the parties effectively discontinued discovery related solely to the '581 patent. To date, following the *Order Construing Claims*, the bulk of the parties' discovery has focused on the '302 patent.

Apple's resistance to complete, meaningful discovery following the Court's January 3, 2024 claim construction order, making available incomplete source code with missing modules

1  and without proper search tools, and its dumping of a large volume of mostly redundant or
2  irrelevant documents while refusing to produce long-requested documents are detailed in Section
3  8 below, and will be the subject of discovery letter-motions that may be filed before Chief
4  Magistrate Judge Ryu following the currently ongoing meet-and-confer.

5       On January 29, 2024, MPH filed a motion for leave to file a motion for reconsideration of
6  the Court's finding that the '581 patent claims are indefinite (ECF No. 116), which the Court
7  granted. (ECF No. 117.) MPH filed its motion for reconsideration on February 2, 2024.
8  (ECF No. 118.) On March 19, 2024, the Court held a hearing on MPH's motion to amend its
9  infringement contentions and motion for reconsideration. In its motion for reconsideration, MPH
10  asked the Court "for reconsideration of the Court's finding in its Order Construing Claims (ECF
11  No. 109) that the claims of MPH's U.S. Patent No. 7,937,581 are indefinite." (ECF No. 118 at 1).
12  Specifically, MPH asked the Court to "a) reconsider its finding that 'the secure connection' in the
13  last step of claim 1 of the '581 patent lacks antecedent basis and is indefinite on that basis; b)
14  conduct a full indefiniteness analysis under Nautilus as to whether the claim has a reasonably
15  ascertainable meaning to a POSITA in view of the intrinsic record as a whole; c) find that 'the
16  secure connection' has a sufficiently clear meaning and antecedent basis in prior recitations of
17  'secure connection,' and d) adopt MPH's proposed construction that 'the mobile terminal sending
18  a secure message in the secure connection from the second address of the mobile terminal to the
19  other terminal via the security gateway' in claims 6, 7, and 8 of the '581 patent means that the
20  'secure connection' is between the mobile terminal and the security gateway protecting the other
21  terminal. (*Id*. at p. 23; ECF No. 121.)

22       On June 22, 2024, the Court "GRANT[ed] MPH's request to revise the Order Construing
23  Claims 6, 7, and 8 of the '581 Patent," stating that "[t]his Order resolves ECF No. 118 [MPH's
24  Motion for Reconsideration]." ECF No. 140, p. 5. The Order also provided that "the Court **will**
25  **revise** the portion of the Court's Order Construing Claims in ECF No. 109, at 16:3-17:4 so that it
26  includes a discussion of the above [*Nautilus*] standard in determining whether the language in the
27  '581 Patent Claims 6, 7, and 8 is indefinite." (ECF No. 140.) (emphasis added) As of this filing,
28

the Court has not issued a revised claim construction order as mentioned in its June 21, 2024 Order granting MPH's motion.

Based on the above and subject to further clarifications or rulings from the Court, in connection with this CMC or otherwise, MPH understands that the portion of the January 3, 2024 claim construction order finding the '581 patent claims indefinite will be revised and no longer serves to render the '581 patent invalid. Accordingly, MPH intends to proceed on the basis that the '581 patent is once again part of this case.

In addition, in its latest and continuing collateral attack on the validity of the '949 patent family, Apple has recently filed an *ex parte* reexamination request in the Patent Office against two of the five patents in the '949 patent family – namely '949 patent and '397 patent. These reexamination requests follow the Patent Office's earlier rejection of Apple's petitions to institute *inter parte* review (IPR) of these two patents. The Patent Examiner's interim office actions in the reexamination, whether characterized as "non-final" or "final" office actions, are subject to further arguments and submissions by the patent owner, and then subject to appeals to the Patent Office's appellate process and, if needed, then the Federal Circuit. Apple's characterization of the recent Examiner office action below as "a final rejection" of the claims of the '949 patent is highly misleading as it is not even the final decision on the merits before the Examiner under the Patent Office procedure, much less a final decision in the Patent Office appellate process or before the Federal Circuit.

More importantly, Apple has not and cannot mount additional collateral attacks on the validity of the *other three* patents in the Patent Office because the Patent Office and the Federal Circuit already rejected Apple's invalidity arguments in its IPR petitions against the claims of those patents asserted in this case. Those three patents, namely, Patent No. 9,712,494, U.S. Patent No. 9,712,502 and U.S. Patent No. 9,838,362 remain in the case regardless of the outcome of the two reexaminations on the '949 patent and '397 patent.

**Summary of Apple's Position on the Impact of the Court's Claim Construction and Ensuing Motion Practice:** MPH's claim that the parties have minimized or discontinued

discovery on all but the '302 patent is incorrect. MPH already received ample discovery related to all asserted patents. Apple produced over 850,000 pages of documents and voluminous source code on *all* accused products and related to *all* asserted patents. MPH seeks to blame the Court and Apple for its failure to diligently review and analyze that information.

Moreover, MPH indisputably sought discovery on its other patents after the Court's claim construction order and while its motions were pending. For example, MPH's April 2024 letters requested iMessage financials. MPH only asserts the '949 patent family—not the '302 patent— against iMessage and FaceTime. Regardless, even if it were true that MPH decided not to focus discovery on the '949 patent family, such a unilateral decision by MPH would not warrant an extension to the case schedule.

MPH's arguments for an extension are even more inappropriate that the Patent and Trademark Office ("PTO") recently found MPH's '949 patent invalid, issuing a ***final rejection*** of all asserted claims in response to the *ex parte* reexam of that patent. The Court should not extend the case schedule to allow MPH to obtain more discovery on patents that the PTO (in the case of the '949 patent) and the Court (in the case of the '581 patent) correctly found invalid. To the contrary, MPH should drop those invalid patents from this lawsuit.

On the day of filing of this Statement, MPH added its above discussion of discovery complaints to this section that is supposed to be on the impact of the Court's claim construction order. Apple has already provided its discussion of those issues below in Section 8 of the Northern District of California Standing Order requirements. To summarize, Apple has produced almost every document that MPH has asked for that Apple was able to locate after a diligent search. The only exceptions are requests that Apple considers clearly unreasonable (e.g., all troubleshooting inquiries that any customer of Apple's accused Always-on VPN technology ever submitted to Apple). Apple has also produced all source code requested by MPH and has installed standard software on the source code computer that allows easy searching of source code. This same software that MPH complains about here has been used by Apple's consultant in this case, Apple's

legal team, and many other source code review experts (both plaintiff and defense) to successfully conduct reviews for over a decade.

### 3. Factual and Legal Issues in Dispute

The parties anticipate that the parties will dispute the following issues:

- Whether Apple directly and/or indirectly infringes any of the asserted claims of the Asserted Patents under 35 U.S.C. §§ 271(a)–(c) and, if so, whether the infringement is willful;

- Subject to 35 U.S.C § 315(e)(2), which in civil actions governs estoppel arising from final decisions of the Patent Office in *inter partes* reviews, whether any asserted claims of the Asserted Patents are invalid under 35 U.S.C §§ 102, 103, 112, and/or the doctrine of obviousness-type double patenting;

- Whether MPH is entitled to damages under 35 U.S.C. §§ 154(d) and/or 284 and the amount of any such damages;

- Assuming liability is established as to the '949 and '302 patents, whether MPH is entitled to a permanent injunction under 35 U.S.C. § 283;

- If liability and damages are established, whether such damages are limited, including by 35 U.S.C. §§ 286-288 and/or 28 U.S.C. § 1498, and if so, to what extent; and

- Whether this case is exceptional under 35 U.S.C. § 285, entitling the prevailing party to attorneys' fees.

### 4. Motions

Currently pending before the Court are MPH's December 1, 2023 Motion to Amend its Infringement Contentions (ECF No. 103) and the Court's revised claim construction order following its June 21, 2024 grant (ECF No. 140) of MPH's Motion for Reconsideration of the Court's Finding that the '581 Patent Claims are Indefinite (ECF No. 118). Those Motions are discussed in Section 2 above.

### 5. Amendment of Pleadings

Other than the amendments sought in December 2023 by MPH in its pending motion for leave to amend its infringement contentions (ECF No. 103), the parties do not presently expect to amend the pleadings but reserve the right to do so in accordance with Fed. R. Civ. P. 15.

### 6. Evidence Preservations

The parties have no additional updates on this issue.

### 7. Disclosures

Prior to the stay in the litigation for the IPR proceedings, the parties exchanged initial disclosures on January 17, 2019. The parties served supplemental initial disclosures on April 20, 2023.  Apple served its second supplemental initial disclosures on August 21, 2023 and its third supplemental initial disclosures on July 8, 2024.

### 8. Discovery Status and Anticipated Discovery

The parties have served written discovery on each other. They have also sought documents and taken depositions from third parties. The parties have also exchanged joint discovery dispute letters. To date, MPH has filed five discovery dispute letters seeking discovery from Apple, and Apple has filed two joint discovery dispute letters seeking discovery from MPH. Neither Apple nor MPH has taken any party deposition.   MPH has requested the availability of certain Apple witnesses, but those depositions have not yet been noticed as the parties continue to discuss the dates and/or locations of those depositions pursuant to Local Rule 30-1. Apple served notices of depositions of MPH's witnesses on July 17, 2024, but the parties have not yet discussed or scheduled those depositions.

On June 26, 2024, the case was referred to Chief Magistrate Judge Donna M. Ryu for resolution of all discovery matters, including the parties' joint discovery letters (ECF Nos. 128, 129, 130, 131, 132, 133, and 142).  (ECF No. 144.) Chief Magistrate Judge Ryu denied these joint discovery letters without prejudice, and directed the parties to "fully meet and confer and make best efforts to resolve or at least narrow their disputes."  (*Id.*)  The parties are currently engaged in this meet-and-confer process.

The parties' positions on anticipated post-claim construction discovery remaining are below:

***MPH's Position***: The parties have engaged in substantial written discovery since the issuance of the Court's Order Construing Claims on January 3, 2024. However, as explained above, based on the Court's rulings in that order, and during the pendency of MPH's motion for leave to amend its infringement contentions and motion for reconsideration, the parties have focused their discovery on the '302 patent, largely avoiding discovery that is strictly related to the '949 patent family and discontinuing discovery solely directed to the '581 patent.

Now that the Court has granted MPH's motion for reconsideration of its prior ruling that the '581 patent claims 6, 7, and 8 were indefinite (ECF No. 140 at p. 5), MPH intends to resume discovery pertaining to the '581 patent subject to further guidance by the Court at the July 25, 2024 hearing or in a revised claim construction order. Apple has informed MPH that it objects to this resumption of discovery notwithstanding the Court's June 22, 2024 Order granting MPH's motion for reconsideration. MPH also intends to resume discovery pertaining to the '949 patent family as needed upon the Court's ruling on MPH's motion for leave to amend infringement contentions.

Further, Chief Magistrate Judge Ryu directed the parties to engage in further meet-and-confers to resolve or narrow the scope of the discovery disputes previously set forth in their discovery dispute letter-motions (ECF Nos. 128, 129, 130, 131, 132, 133, and 142). The issues raised in those motions remain unresolved and, after the parties' meet-and-confer scheduled on July 18, 2024, will be presented to Chief Magistrate Judge Ryu for resolution.

While much progress has been made in discovery, MPH's ability to seek full and meaningful discovery on the '581 patent and the '949 patent family has been hamstrung by the uncertain scope of this lawsuit during the pendency of (a) MPH's December 1, 2023 motion for leave to amend its infringement contentions for the '949 patent family to include DOE infringement allegations and additional accused products; (b) the parties' ongoing discovery disputes, which were the subject of the recently denied (without prejudice) discovery dispute letters and for which the parties have been directed by Magistrate Judge Ryu to engage in further

meet-and-confers; (c) the Court's June 22, 2024 Order granting MPH's motion seeking reconsideration of the Court's January 4, 2024 decision finding the '581 patent claims indefinite; and (d) the Court's revised claim construction as noted in its June 21, 2024 Order ("...the Court will revise the portion of the Court's Order Construing Claims in ECF No. 109, at 16:3-17:4 ....") (ECF No. 140 at 5).

Since the Court's January 3, 2024 claim construction order, ECF No. 109, Apple has resisted discovery on the '949 patent family, and both parties have refrained from seeking discovery directed solely to the '581 patent. For instance, when MPH sought to raise '949 patent family discovery issues in a discovery dispute letter, Apple insisted that the parties "*wait to file the letter until the Court rules on MPH's motion to amend.*" (March 20, 2024 Email from Apple's counsel) (emphasis added). When MPH insisted that the parties could no longer wait and needed to file the letter-motion, Apple objected to the letter as "*premature because many 'disputes' would be relevant only if the Court were to grant MPH leave to amend its infringement contentions.*" ECF No. 128, p. 1 (emphasis added).

In short, MPH has been severely prejudiced and unable to conduct fulsome discovery directed to the '581 patent and the '949 patent family for the past seven (7) months following the Court's January 3, 2024 claim construction order as a result of the lack of final resolution of MPH's motion for leave to amend infringement contentions (filed in December 2023) and MPH's motion for reconsideration (filed in January 2024).

In addition, MPH's attempts to inspect Apple's source code relating to the accused products and services have also been hamstrung by Apple's refusal to provide requested source code inspection tools. Apple claims to have made available "over 60,000 source code files." Dkt. 132, p. 4 n.5. But, Apple refused to provide the source code inspection tools requested by MPH's source code expert, which would have made inspection of Apple source code faster and more efficient. Apple argued that MPH's expert would use the requested tools to "bypass security controls in place on the review machine" even though MPH's expert is bound by the obligations in the protective order. Apple has also refused to identify the software and/or services to which the

source code it has made available pertains including identifying the versions of the software that have been made available for inspection or identifying Apple's internal designations of the files and directories corresponding to the software versions publicly marketed by Apple. Apple has only provided a list of the files and directories on the source code review machine, which provides no information beyond what an expert could see by briefly skimming through the files and directories on the machine. To date, MPH's expert has spent nearly 30 days at Apple's counsel's office reviewing such source code. During that time, MPH's expert identified a number of missing portions of the requested source code, and Apple then took several months to provide the missing source code, further hampering and delaying MPH's inspection efforts.

The Protective Order, Dkt. 90, currently limits the receiving party (MPH) to 100 pages total of source code print outs, absent agreement of the parties or showing of good cause. Dkt. 90, p. 14. Based on the MPH's expert's review to date, MPH's intention to resume discovery pertaining to the '581 patent, and potential resumption of discovery pertaining to the '949 patent family upon the Court's ruling on MPH's motion for leave, MPH anticipates needing more than 100 pages of source code print outs. MPH intends to seek agreement with Apple to raise the source code print limit to 250 pages or, if necessary, to seek a good cause determination by the Court that such a raised limit is necessary.

MPH respectfully submits that its request for additional time for discovery is reasonable and justified. Only a little over two (2) months remains for fact discovery, at which time the initial expert reports are also due. In two months, the parties cannot make up for the seven (7) month period of lost time and uncertainty during which the scope of discovery was unclear. Discovery is an iterative process where later discovery requests and depositions depend and rely on the knowledge gained earlier in discovery. As a result, neither party has yet taken any party deposition which, if done earlier, would have been when neither party could say how MPH's motion to amend or motion for reconsideration would finally be decided, and at the risk (and under threat from the opposing party) of potentially wasting time and resources pursuing discovery on claims and defenses which may no longer be at issue. As noted above, Apple warned MPH that any attempts

by MPH to seek the Court's guidance on discovery disputes on the '949 patent family was "premature." ECF No. 128, p. 1.

At this late date, even if the scope of the case is made clear promptly by final decisions on the motion for leave to amend the infringement contentions with respect to the '949 patent family and the revised claim construction order with respect to the '581 patent, completing discovery within just over two (2) months is impracticable, especially considering that it will likely involve resolution of the long-pending discovery disputes, service of additional sets of written discovery requests, and all party depositions. An extension of the discovery deadlines as MPH has proposed is necessary to ensure a full and fair opportunity to take discovery and to avoid unfair prejudice.

Finally, Apple has recently served a subpoena on MPH's lead trial counsel law firm in this case seeking extremely broad and harassingly burdensome electronic document discovery that is repetitive of the discovery that has already been conducted from the party (MPH), and seeks discovery on issues that are either the subjects of the ongoing party discovery meet-and-confer pursuant to Chief Magistrate Judge Ryu's order or directed to the documents that MPH has already produced or offered to produce based on Apple's articulation of what it is looking for. This subpoena is a harassment and attempted distraction of MPH's trial counsel in the middle of active litigation. MPH will seek relief from this harassment of its counsel.

Apple falsely states that it asked MPH's trial counsel whether it would produce certain documents in response to document requests to MPH, but it refused. This is not true. Rather, before Apple served its subpoena on Lee Sheikh & Haan, MPH told Apple that its overly broad email requests which named Lee Sheikh & Haan as a custodian and sought more than just licensing or enforcement communications were improper. It asked Apple to specifically identify what types of communications Apple was seeking from MPH's trial counsel and why such discovery was appropriate. Apple did not do so and instead served its broad subpoena on Lee Sheikh & Haan. Several weeks ago, MPH again offered to conduct a reasonable search of trial counsel's correspondence for specific emails to and from third party potential licensees or buyers of the

Asserted Patents requested by Apple. Apple ignored that offer, and instead continues to press its broad and improper subpoena on MPH's trial counsel.

***Apple's Position***:  Apple anticipates that the remaining discovery includes additional written discovery and depositions of party witnesses, which the parties are scheduling.  Apple served a 30(b)(6) deposition notice and two 30(b)(1) deposition notices on MPH on July 17.  The parties are working to resolve or narrow the scope of the discovery disputes previously set forth in their discovery dispute letters per Magistrate Judge Ryu's June 26, 2024 Order.  (ECF No. 144.)

**Apple's Position: The Court's 18-Month Discovery Period Is More Than Sufficient.**

Apple disagrees with MPH that an extension to the discovery deadlines is warranted.  The Court afforded the parties a lengthy discovery period of 18 months, and MPH now has ample time to wrap up discovery—more than two months.  This is more than sufficient.

As MPH correctly points out, and as discussed above, the parties have already "engaged in substantial written discovery."  And the parties have already engaged in a long discovery process. The parties have collectively produced 900,000 pages of documents related to all accused products and asserted patents, and Apple has made a voluminous production of source code and technical documents in accordance with Patent L.R. 3-4.  That MPH still cannot prove its case after all this discovery does not merit a longer discovery period—it warrants dismissal of MPH's case.

**Apple's Position: MPH's Purported Discovery Problems Are of MPH's Own Making.**

All of MPH's purported discovery problems are of MPH's own making.  MPH begins by trying to blame the Court for MPH's problems.  But MPH's request that the Court reconsider its well-reasoned findings with respect to the '581 patent does not warrant a new case schedule.  Nor does MPH's untimely motion to inject new DOE theories into this case.

MPH then tries to blame Apple for MPH's problems.  MPH falsely alleges that Apple has "hamstrung" MPH's attempts to inspect Apple's code.  Apple's source code has now been available for over one year.  And MPH waited ***five months*** after Apple first made its source code available to even begin reviewing the code.  MPH was not diligent.  Even today, MPH continues

to inexplicably delay its review. One would think MPH's expert would have been reviewing the code over the past weeks given MPH's concerns about source code, but that is not the case.

The fact is that Apple has been extremely accommodating to MPH's limited efforts to review Apple's code. Apple repeatedly allowed MPH's experts to review the code with less notice than allotted under the Protective Order and repeatedly followed up with MPH to ask when it intends to resume its code review—often with no response. Apple also provided MPH with a variety of review tools that can be used to view and search the code Apple produced—the same tools used by Apple's consultant, Apple's legal team, and many other source code review experts (both plaintiff and defense) to successfully conduct reviews for over a decade. Moreover, MPH's expert incorrectly thought that source code files were missing several times—and Apple had to point him in the right direction.

Regardless, this Statement is not the appropriate place for MPH to be raising disputes about Apple's source code. The Court provided the parties with a process for raising discovery disputes. (Judge Thompson's Civil Standing Order ¶¶ 21-22.) MPH has never filed a discovery dispute letter pertaining to Apple's source code. MPH did draft one in January 2024 but chose not to file it, evidencing that it was satisfied by Apple's February 2024 response and the accommodations Apple had made in responding to MPH's complaints. MPH re-raising this dispute here, despite being silent on the issue for months, is another baseless attempt to support its requested extension.

**Apple's Position: MPH Is Reconstructing History with Its New Position that the Parties Focused Discovery on the '302 Patent.**

MPH's position that "the parties have focused their discovery on the '302 patent" due to MPH's pending motions is incorrect. MPH indisputably sought discovery on its other patents after the Court's claim construction order and while its motions were pending. For example, MPH's April 8, 2024 letter states: "Apple Should Produce *iMessage*-Related Financial Information." (ECF 128 at 2 (emphasis added).) Similarly, MPH's April 18, 2024 letter states: "[T]he Court should order Apple to produce *all* agreements that may be related to *iMessage*, *FaceTime*, . . ." (ECF 130 at 2 (emphasis added).) MPH only asserts the '949 patent family ("Intermediate

Computer Patents")—not the '302 patent—against iMessage and FaceTime. Regardless, even if it were true that MPH decided not to focus discovery on the '949 patent family, such a unilateral decision by MPH would not warrant an extension to the case schedule. And as discussed above, MPH's arguments for an extension are even more inappropriate that the PTO issuing a ***final rejection*** of all asserted claims of the '949 patent.

**Apple's Position: MPH's Characterization of the Court's Ruling on the '581 Patent Is Inaccurate.**

MPH's suggestion that the Court has ***reversed*** its finding that the '581 patent's claims 6, 7, and 8 are indefinite is false. The Court granted MPH's motion solely to address its allegation that the Court had inadequately addressed the prosecution history in its order. (ECF 140 at 5.)

**Apple's Position: MPH's Characterization of Apple's Subpoena to Lee Sheikh Is Inaccurate.**

Lastly, MPH's characterization of Apple's subpoena to Lee Sheikh is inaccurate. For context, attorneys now associated with Lee Sheikh previously served as MPH's representatives that tried to license or sell the patents. Apple's subpoena is narrowly targeted to those attorneys' ***communications with third parties about MPH's patents***—indisputably non-privileged and relevant discovery. The subpoena explicitly excludes "emails that include only Lee Sheikh attorneys or staff and/or MPH officers or employees in the From, To, CC, and BCC fields." Asking Lee Sheikh attorneys to produce non-privileged documents about MPH's patents is not the least bit "harassing," as MPH claims. If the attorneys have no such documents, then they can just say that—problem solved. If they do have such documents, then the documents are plainly relevant to the damages case, and MPH identifies no significant burden in producing them. Before serving the subpoena, Apple asked Lee Sheikh if they would produce these documents in response to document requests to MPH, but they refused, forcing Apple to serve the subpoena. Case law is clear that MPH's role as trial counsel does not make this discovery objectionable. *See, e.g.*, *In re Andre*, No. 19-MC-80266-VKD, 2019 WL 6699958, at *2-3 (N.D. Cal. Dec. 9, 2019) (no heightened standard for seeking discovery from trial counsel who participated in sale of asserted

patents).  MPH is seeking hundreds of million of dollars from Apple.  Apple is entitled to know about MPH's efforts to license and sell them earlier.

On the day of filing of this Joint Statement, MPH changed its position to arguing that the subpoena is too "burdensome."  That is a topic that the parties can discuss when Lee Sheikh serves its responses to the subpoena.

**9.  Class Actions**

This is not a class action.

**10. Related Cases**

There are no Related Cases under Civ. L.R. 3-12.

**11.  Relief**

The parties refer to their statements for relief in their Initial Case Management Statement. (ECF No. 80.)

**12.  Settlement and ADR**

On February 7, 2024, the parties participated in a mediation with Steven M. Bauer, Esq. of JAMS.  The mediation did not lead to a settlement of any of the lawsuit.

**13.  Consent to Magistrate Judge for All Purposes**

*MPH's Position*:  Going forward, MPH is willing to discuss with Apple whether to consent to proceed before the Chief Magistrate Judge for all pretrial matters.

*Apple's Position*:  Apple does not consent to a Magistrate Judge.  MPH's attempt to seek Apple's acquiescence to a Magistrate Judge at this late stage appears to be another attempt to derail the case schedule.

**14.  Narrowing of Issues**

The Final Written Decisions in the PTAB *inter partes* review proceedings, the subsequent Federal Circuit decisions on Apple's appeals from those decisions and MPH's disclaimer and decision to dismiss from this lawsuit U.S. Patent No. 7,620,810 have reduced the number of patent claims being asserted in this lawsuit as well as Apple's invalidity arguments rejected by the PTAB

and the Federal Circuit and subject to estoppel under 35 U.S.C § 315(e)(2), as discussed in the parties' April 6, 2023 Joint CMC statement. (ECF No. 80.)

The Court's January 3, 2024 claim construction order found the claims of the '581 patent indefinite. The Court then granted MPH's Motion for Reconsideration of that ruling. As noted above, the parties disagree on the impact of the Court's Order granting MPH's reconsideration motion, and are awaiting the issuance of the Court's revised claim construction order, as it will have a substantial potential impact on the scope of this case and the remaining discovery. (ECF No. 109; ECF No. 140.)

On July 3, 2024, the PTO issued a "final rejection" of the asserted claims of U.S. Patent No. 8,346,949 in the *ex parte* reexam of that patent. MPH intends to respond to the PTO's "Final Office Action" before the Examiner, and, if necessary, appeal to the PTAB and then to the Federal Circuit as appropriate.

The PTO is expected to issue a decision soon in the *ex parte* reexam for U.S. Patent No. 9,762,397 requested by Apple. Any adverse decision will follow a similar response and appellate process as the '949 patent reexamination.

**15. Scheduling**

The Court previously entered a Case Management Order that scheduled the case through trial. (ECF No. 83.)

***MPH's Position***: MPH believes that the remaining pretrial deadlines should be extended to permit the parties to complete fact and expert discovery and adequately prepare the case for trial, and a new trial date should be set that corresponds to the extended pretrial deadlines. MPH's proposed pretrial deadlines are set forth in Attachment A, which assumes that the pending motion for leave to add the DOE infringement allegations and additional accused products will have been decided by the time of the July 25, 2025 Case Management Conference, and further that the Court will have issued a revised claim construction order on the disputed term of the '581 patent by that time. MPH has also offered an alternative schedule which ties the remaining case deadlines to the issuance of the Court's order on MPH's pending motion for leave and revised claim construction

order. The topics identified in paragraph 13 of the Court's Standing Order for Patent Cases are addressed below.

As noted above, MPH has not been able to conduct meaningful and complete discovery on the '949 patent family and the '581 patent for the past seven months (or approximately one-half of the discovery period in this case) following the Court's claim construction order as a result of the lack of final resolution of MPH's motion for leave to amend infringement contentions (filed in December 2023) and MPH's motion for reconsideration (filed in January 2024). Apple's representations regarding any alleged delay by MPH in advancing its review of Apple's document production and source code are false. As Apple is aware, MPH first raised issues regarding Apple's deficient document production last summer, and has since attempted to work with Apple in good faith to resolve those issues before filing its discovery dispute letters. The parties are continuing their meet-and-confer efforts regarding those disputed issues pursuant to Chief Magistrate Judge Ryu's recent June 26, 2024 Order. (ECF No. 144). MPH's source code inspection was hampered by Apple obstructive discovery tactics and by Apple's delay in producing a full set of code, as addressed above in Section 8.

MPH is keenly aware that this case has been pending since 2018 and it does not approach this extension request lightly. But not to be lost is that this case was put on hold for four (4) years as Apple's requested *inter partes* reviews and appeals proceeded, after which seven (7) of eight (8) asserted patents remained in the case. The comparatively short timeframe of MPH's requested extension is fair to ensure a just discovery process.

***Apple's Position***: The Court already set all case deadlines through trial in its Case Management and Scheduling Order on April 14, 2023. (ECF No. 83.) There is no need for the Court to modify the schedule. The parties have engaged in a prolonged 15 months of discovery, with three months remaining. The parties have ample time to complete fact discovery and to prepare for trial. An extension of pre-trial deadlines is unnecessary.

To the extent that MPH seeks to justify a schedule extension on its pending discovery motions, that would be a problem of its own making. Despite Apple's production of its source

code months ago and over 850,000 pages of documents, MPH delayed advancing its review and analysis of that production until recently. MPH also has been indiscriminate with its motion practice, filing six discovery letters even after Apple explained that it has already conducted a reasonable search for and produced responsive documents.

Apple further refers the Court to its positions in Sections 2 and 8 above.

### 16. Trial

The parties refer to Section 15 on the trial date.

### 17. Disclosure of Non-Party Interested Entities or Persons

**MPH's Statement**: MPH has no updates with respect to its prior statement. (ECF No. 80 at 10.) Apple's argument that any litigation funding company needs to be disclosed under Local Rule 3-15(b)(2) has been rejected in this District, and such discovery has been found not relevant and protected as attorney work product. *See MLC Intell. Prop., LLC v. Micron Tech.*, *Inc.*, No. 14-CV-03657-SI, 2019 WL 118595, at *2 (N.D. Cal. Jan. 7, 2019) (concluding that "discovery regarding 'persons and entities that have a financial interest in this litigation,' including an identification of any third party that is funding this litigation," is not warranted "because it is not relevant"); *NantWorks, LLC v. Niantic, Inc.*, 2022 WL 1500011, at *2 (N.D. Cal. May 12, 2022) (denying motion to compel interrogatory response to "[d]etail all entities having any financial or contingent interest in this case, including any contingent fee recovery interests and litigation funding agreements."); *see also GoTV Streaming, LLC v. Netflix, Inc.*, 2023 WL 4237609, at *13-14 (C.D. Cal. May 24, 2023). Moreover, the Standing Order for All Judges of the Northern District of California, paragraph 17, only requires litigation funding disclosure in class, collective, and representative actions—not in patent cases.

**Apple's Statement**: Apple has no updates with respect to its prior statement. (ECF No. 80 at 10.) Apple notes, however, that MPH has not disclosed all non-party interested entities or persons to the Court. In particular, MPH's litigation is funded, at least in part, by a publicly listed company that MPH claims is confidential but whose relationship is publicly known. That company

plainly has "a financial interest in the subject matter in controversy" and thus is required to be disclosed under Local Rule 3-15(b)(2).

MPH refuses to produce responsive documents, even though the Local Rules require this. *See, e.g.*, L.R. 3-15(b)(2) (requiring disclosure of any party with "a financial interest of any kind in the subject matter in controversy or in a party to the proceeding"); *see also* N.D. Cal. Standing Order No. 17 (same). Courts have recognized the relevance of these materials especially in patent cases and ordered their production. *See, e.g.*, *Impact Engine, Inc. v. Google LLC*, No. 19-cv-1301, 2020 U.S. Dist. LEXIS 145636, at *4 (S.D. Cal. Aug. 12, 2020) ("courts have generally ruled that litigation funding agreements and related documents are relevant and discoverable in patent litigation"); *Intel Corp. v. Protection Capital LLC*, No. 13-cv-1685, 2013 WL 12313348, at *3 (S.D. Cal. Oct. 2, 2013) ("[D]istrict courts in California generally find discovery into third party investors relevant in patent litigation[.]"); *Pres. Techs. LLC v. MindGeek USA, Inc.*, No. 17-cv-8906, 2020 WL 10965161, at *6 (C.D. Cal. Dec. 18, 2020) ("courts have been more receptive to allowing such discovery in patent infringement cases, given patent cases' unique standing requirements and the potential for funding agreements to shed light on patents' value").

### 18. Professional Conduct

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## PARTIES' STATEMENT ON ISSUES IN COURT'S PATENT STANDING ORDER

**A. Whether either party wishes the Court to certify the claim construction ruling for immediate appeal to the Federal Circuit**

Neither party wishes the Court to certify the ruling for immediate appeal.

**B. The filing of dispositive motions, and the timing of those motions**

*MPH's Position*: Under the April 14, 2023 CMC Order, the last day to file dispositive motions is December 17, 2024. (ECF 83, at p. 1.) That deadline was set before the Court's January 3, 2023 Order Construing Claims; MPH's motion for leave to amend its infringement contentions;

MPH's motion for reconsideration of the Court's finding that the '581 patent is indefinite; the parties' restrictions of certain discovery pending rulings on MPH's motions for leave and reconsideration; the Court's June 22, 2024 Order granting MPH's motion for reconsideration of indefiniteness; and the discovery disputes previously set forth in the parties' seven discovery-dispute letters that will be the subject of the further meet-and-confer ordered by Chief Magistrate Judge Ryu.

MPH believes that the deadline for filing dispositive motions should be extended as part of a revised CMC and Scheduling Order to permit the completion of fact and expert discovery with respect to all issues in the case before expiration of the deadline for filing dipositive motions.

MPH will discuss any dispositive motions relating to MPH's motion for leave to amend its infringement contentions for the '949 patent family and its motion for reconsideration after the Court's rulings on the motion for leave and entry of the Court's revised claim construction of the disputed term of the '581 patent.

***Apple's Position***:  MPH's proposed extensions to the case schedule are unwarranted.  The Court has already provided the parties with a lengthy discovery period of 18 months.  During that period, MPH should have focused more on developing its case and less on complaining about and challenging the Court's rulings.

The Court was very diligent in issuing its well-reasoned Order Construing Claims on January 3, 2024—just two days after New Year's Day.  (ECF No. 109.)  MPH's hope that the Court will reverse its '581 indefiniteness ruling does not warrant an extension, nor does MPH's desire to inject into the case untimely DOE theories that assert that anything Apple does is "equivalent" to the Court's claim constructions.  MPH's problems are all of MPH's own making.

MPH's pending motions will not impact the filing or timing of dispositive motions.  The Court already ruled on MPH's motion for reconsideration.  And Apple expects that the Court will issue its Order on MPH's motion to amend its infringement contentions in due course.  That would still leave the parties with three more months of discovery.  The parties have 18 months of discovery and are currently working to resolve or at least narrow remaining discovery disputes per

the Honorable Donna M. Ryu's June 26, 2024 Order. (ECF No. 144.) The deadline to file dispositive motions is still five months away. No extension is necessary.

**C. If willful infringement has been asserted, whether the allegedly-infringing party wishes to rely on the advice of counsel defense—if so, the parties should be prepared to address proposals for resolving any attorney-client privilege issues that arise, and whether the parties believe bifurcation of the trial into liability and damages phases would be appropriate.**

Apple is not relying on the advice of counsel defense and thus did not have a disclosure to make under Patent Local Rule 3-7.

### D. Anticipated post-claim construction discovery

***MPH Position***: Based on the Court's adoption of Apple's proposed construction of some of the disputed terms in the '949 patent family, the parties have minimized discovery related to the '949 patent family pending a ruling on MPH's motion for leave to amend. And based on the Court's finding that the asserted claims of the '581 patent are indefinite, the parties effectively discontinued discovery related solely to the '581 patent. To date, following the *Order Construing Claims*, the bulk of the parties' discovery has focused on the '302 patent. (See Section 8 above.)

MPH intends to resume discovery pertaining to the '581 patent, now that the Court has granted MPH's motion for reconsideration of its prior ruling that the '581 patent claims 6, 7, and 8 are indefinite (ECF No. 140 at p. 5), subject to any further guidance from the Court at the July 25, 2024 hearing and any revision of the Court's Order Construing Claims. Apple has informed MPH that it objects to this resumption of discovery for the '581 patent. MPH also intends to resume discovery pertaining to the '949 patent family as needed upon the Court's ruling on MPH's motion for leave to amend infringement contentions. Further, the parties have been directed by Chief Magistrate Judge Ryu to engage in further meet-and-confers to resolve or narrow the scope of the discovery disputes in their discovery dispute letter-motions (ECF Nos. 128, 129, 130, 131, 132, 133, 142), which relate to the '302 patent in large part. That process is ongoing without resolution of the issues to date.

As otherwise discussed herein, MPH believes that an extension of the discovery deadlines as MPH has proposed is necessary to ensure a full and fair opportunity to take discovery and to avoid unfair prejudice. (See Section 8 above and Section E below). Completing discovery will involve, at least, resolution of the long-pending discovery disputes, service of additional sets of written discovery requests, further source code inspection, and all party depositions. MPH's requested extension is reasonable in view of the circumstances presented here.

Apple incorrectly accuses MPH of "reconstructing history" as to the uncertain status and progress of discovery. But Apple cannot ignore, and indeed it has agreed, that pending before the Court are (i) MPH's motion for leave to amend its infringement contentions filed in December 2023 (ECF No. 103) and (ii) issuance of a revised claim construction order as the Court stated in its June 21, 2024 Order granting and resolving MPH's motion for reconsideration (ECF No. 140). Those rulings govern six (6) of the seven (7) asserted patents in this case.

Nor can Apple ignore the ongoing and long-standing discovery dispute meet-and-confers that, if unresolved, will be back before Chief Magistrate Judge Ryu. And while Apple incorrectly asserts that discovery has proceeded on the asserted patents all along, the fact is that since the Court Order Construing Claims, ECF No. 109, Apple resisted '949 patent family discovery, and both parties avoided discovery directed solely to the '581 patent. (2024-03-20 Email from Apple's counsel) (urging MPH not to file a discovery dispute letter containing '949 patent family discovery issues and to "wait to file the letter until the Court rules on MPH's motion to amend."); ECF No. 128, p. 1 (Apple objecting to the letter as "premature because many 'disputes' would be relevant only if the Court were to grant MPH leave to amend its infringement contentions.").

Apple overstates the quality of its production of nearly 850,000 pages of documents. By MPH's count, 3,886 documents (776,855 pages), amounting to approximately 92% of Apple's page count, are manufacturing material lists and schematics that fail to describe software functionalities in Always On VPN, iMessage, FaceTime, and the other accused features. Apple produced these documents, knowing full well that only a small handful of them would be used at trial, if at all. This was simply a classic "document dump" by Apple designed to run up MPH's

document review costs and to make Apple appear cooperative. Apple has repeatedly used its document dump as an improper excuse not to provide more focused discovery sought by MPH, including in discovery dispute letters. *See* (ECF No. 128, p. 4) ("Apple has produced over 830,000 pages…"); (ECF No. 130, p. 3) (same); (ECF No. 132, p. 5) (same); (ECF No. 133, p. 3) (same).

Finally, contrary to Apple's assertions, MPH has and will continue to seek discovery in a reasonable and efficient manner. Apple's complaints about the timing and manner are MPH's source code inspection are meritless, as Apple complicated the process. *See* Section 8 above. For example, when MPH identified deficiencies in the source code that Apple made available for inspection, it took Apple nearly three months to produce the missing source code, while repeatedly incorrectly representing that all of the code MPH identified as missing had been present all along.

So, too, are Apple's complaints about MPH's subpoenas to Apple customers, which were made necessary by Apple's resistance to such discovery from Apple itself. *See* (ECF No. 129) (seeking discovery on customer implementations of Always On VPN). Moreover, Apple is in no position to complain about unreasonable third-party discovery in view of the aggressive third-party prior art discovery it has undertaken notwithstanding the fact that its prior art-based challenges before the PTAB and the Federal Circuit largely failed, not to mention the subpoena it served on MPH's lead trial counsel law firm seeking extremely broad and harassing electronic document discovery that is repetitive of the discovery already conducted and ongoing from the party (MPH).

***Apple Position:*** The parties have been actively engaged in discovery for over 15 months. MPH is reconstructing history to support its request for an extension below. The fact is, MPH has been seeking discovery on the asserted patents all along, not just the '302 patent, including through its serial discovery dispute letters. (See Sections 2 and 8 above.) And the parties engaged in extensive discovery regarding all asserted patents before the Court issued its Order Construing Claims. The parties have engaged in a lengthy 15 months of discovery and still have three months remaining. Apple has produced nearly 850,000 pages of documents related to all accused products, including a voluminous production of technical documents (including under Patent Local Rule 3-4) and extensive source code. MPH waited five months after Apple first made its code

available to even begin its review of Apple's code. Apple repeatedly made its code available to MPH sooner than the time allotted under the parties agreed Protective Order and has followed up with MPH to ask when it intends to resume its code review with no response.

Apple also notes that the parties have each taken third party depositions and have been working to schedule depositions of party witnesses. MPH has engaged in a pattern of expansive and unreasonable discovery. For instance, MPH has served over 30 third-party subpoenas, including over 10 subpoenas on Apple customers. MPH served six discovery letters and filed five on issues related to all asserted patents. MPH's professed claim for even more discovery—after a 15 month period—is baseless.

For the first time, and on the eve of filing this statement, MPH characterizes Apple's production as a "document dump." That characterization is simply wrong. Apple produced a appropriate volume of technical documents and source code sufficient to show the operation of _all_ accused products that MPH asserted 7 patents and 36 claims against. MPH complains about Apple's production of technical documents like "schematics," but that is precisely what the Patent Local Rules require. *See* Patent L.R. 3-4(a) (requiring production of "Source code, specifications, **schematics**, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in its Patent L.R. 3-1(c) chart" (emphasis added)). Rather than complain about the volume of Apple's production and requesting more time for discovery, MPH should have focused its efforts on diligently reviewing Apple's documents and source code. Apple has complied with all of its discovery obligations. If MPH cannot prove its case, it should dismiss it.

### E. Proposed deadlines and court dates for the remainder of the case schedule

*MPH's Position*: MPH proposes that the Court issue a revised CMC and Scheduling Order with deadlines and court dates set forth in Attachment A. As indicated above, the proposed schedule assumes that the pending motion for leave to add the DOE infringement allegations and additional accused products will have been decided by the time of the July 25, 2025 Case Management Conference and that the Court will have issued a revised claim construction order

regarding the '581 patent. MPH has also offered an alternative schedule for the Court's consideration which ties the remaining case deadlines to the issuance of the Court's order on MPH's pending motion for leave and revised claim construction order.

**Apple's Position**: The Court set all case deadlines through trial in its April 14, 2023 Case Management and Scheduling Order. (ECF No. 83.) The parties have been proceeding per the Court's Order, and do not require an amended schedule simply because MPH filed baseless motions for belated amendments and to challenge the Court's findings. A party should not be permitted to delay litigation proceedings through indiscriminate motion practice and by relitigating issues.

## F. Any Other Pretrial Matters

**MPH's Position**: The scope of the lawsuit going forward is uncertain because of, among other things, (a) the pendency of MPH's December 1, 2023 motion for leave to amend its infringement contentions for the '949 patent family to include DOE infringement allegations and additional accused products; (b) the parties' ongoing discovery disputes, which were the subject of the recently denied (without prejudice) discovery dispute letters and for which the parties have been directed by Magistrate Judge Ryu to engage in further meet-and-confers; and (c) the Court's June 22, 2024 Order granting MPH's motion seeking reconsideration of the Court's January 4, 2024 decision finding the '581 patent indefinite.

Accordingly, based on Civil L.R. 16-10(c), which provides for subsequent case management conferences and reports, and paragraph 13 of the Court's Standing Order for Patent Cases, which states that "[u]pon issuance of the claim construction ruling, the Court will…set a date for the filing of a further joint case management status report," MPH filed an unopposed motion for an expedited case management status and scheduling conference. The Court granted the motion, scheduling a further case management conference for July 25, 2025, and directing the parties to submit this Joint Case Management Statement by July 18, 2024. ECF 139.

As fully discussed in MPH's motion for leave to amend its infringement contentions, MPH's motion was more than timely under cases submitted by MPH and Apple. *See* MPH's Reply

in Support of Motion to Amend, ECF No. 114. Moreover, as Apple agrees, pending before the Court are (a) MPH's motion for leave to amend its infringement contentions filed more than eight months ago and (b) the Court's issuance of the revised claim construction order as it stated in its June 21, 2024 Order granting and resolving MPH's motion for reconsideration. In addition, there are ongoing and long-standing discovery dispute meet-and-confers that, if unresolved by the parties, will be back on the docket before Chief Magistrate Judge Ryu. The resolution of these substantive, procedural, and discovery motions will have a significant impact on the scope of this litigation and the manner in which remaining fact and then expert discovery will take place.

*Apple's Position*: The scope of the lawsuit is not uncertain. This case has been pending since 2018. The Court has been diligent in its efforts to narrow and resolve the pending issues. And as noted in the parties' initial April 6, 2023 Joint CMC Statement, the parties have also narrowed many of the remaining issues. (ECF. No. 80.) The Court already set all case deadlines through trial in its Case Management and Scheduling Order on April 14, 2023. (ECF No. 83.) And the Court's Order Construing Claims further streamlined the issues in this case.

Any purported uncertainty regarding the issues before the Court is of MPH's own creation. MPH filed motions challenging the Court's Order and wasting the Court's and the parties' resources. The Court has already ruled on MPH's motion for reconsideration and confirmed that it would issue a revised claim construction order to amend its discussion on the disputed term of the '581 patent. MPH's requested delay is not warranted.

MPH did not file its motion to amend its infringement contentions to include DOE infringement allegations until December 1, 2023, *six months* after its May 15, 2023 infringement contentions were due. Under Patent Local Rule 3-1(e), MPH was obligated to disclose its DOE theories with its May 2023 initial infringement contentions. It failed to do so. Instead, MPH first attempted to disclose them to Apple in late November 2023—*after* the parties had completed their claim construction briefing, and with the *Markman* hearing less than three weeks away. MPH's delinquency does not merit changing the case schedule.

## G.  The Progress of Settlement Discussions

Please see Section 12 above.

Dated: July 18, 2024        Respectfully Submitted,

/s/ *Christopher J. Lee*

Attorneys for Plaintiff
*MPH TECHNOLOGIES OY*

Patricia L. Peden, Esq. (SBN 206440)
BURKE, WILLIAMS & SORENSEN, LLP

Christopher J. Lee (*Pro Hac Vice*)
David J. Sheikh (*Pro Hac Vice*)
Brian E. Haan (*Pro Hac Vice*)
Ashley E. LaValley (*Pro Hac Vice*)
Dragan Gjorgiev (*Pro Hac Vice*)
James D. Mitchell (*Pro Hac Vice*)
LEE SHEIKH & HAAN LLC

Dated: July 18, 2024        Respectfully Submitted,

/s/ *Bita Rahebi*

Attorneys for Defendant
*APPLE INC.*

Bita Rahebi (SBN 209351)
Richard S.J. Hung (SBN 197425)
Ryan J. Malloy (SBN 253512)
Rose S. Lee (SBN 294658)
Nima Kiaei (SBN 336142)
MORRISON & FOERSTER LLP

## **ATTESTATION CLAUSE**

I, Christopher J. Lee, am the ECF user whose identification and password are being used in this filing. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that Bita Rahebi of Morrison & Foerster LLP has concurred in the filing of this document.


Dated: July 18, 2024                                    /s/ *Christopher J. Lee*

**ATTACHMENT A**

| Event | Current Deadline | MPH's Proposal | Apple's Proposal |
|---|---|---|---|
| Close of Fact Discovery | October 7, 2024 | February 7, 2025 or six months after the Court's issuance of an order on MPH's pending motion for leave and revised claim construction order | October 7, 2024 (no change) |
| Designation of Expert Witnesses, Exchange of Initial Expert Reports for Which Party Bears the Burden (Fed. R. Civ. P. 26(a)(2)) | October 7, 2024 | March 14, 2025 or 35 days after the Close of Fact Discovery | October 7, 2024 (no change) |
| Designation of Rebuttal Experts and Exchange of Rebuttal Expert Reports (Fed. R. Civ. P. 26(a)(2)) | October 28, 2024 | April 25, 2025 or 42 days after the Close of Fact Discovery | October 28, 2024 (no change) |
| Completion of Expert Discovery | November 18, 2024 | May 23, 2025 or 28 days after the Close of Fact Discovery | November 18, 2024 (no change) |
| Deadline to File Dispositive Motions and Any Motion to Limit or Exclude Expert Testimony | December 17, 2024 | June 27, 2025 or 35 days after the Close of Fact Discovery | December 17, 2024 (no change) |
| Pretrial Meet and Confer and Exchange of Evidence and Witnesses (Thompson Civil Pretrial S.O. ¶¶ 2–4) | 30 days before Pretrial Conference | 30 days before Pretrial Conference | 30 days before Pretrial Conference (no change) |
| Parties to Make Good Faith Effort to Stipulate to Evidentiary Issues and Exhibits' Admissibility; Parties to File Motions *in Limine* | 21 days before Pretrial Conference | 21 days before Pretrial Conference | 21 days before Pretrial Conference (no change) |

| Event | Current Deadline | MPH's Proposal | Apple's Proposal |
|---|---|---|---|
| (Thompson Civil Pretrial S.O. ¶¶ 21, 24, 25) | | | |
| Parties to File Pretrial Documents, Joint Pretrial Statement, Proposed Pretrial Order, and any Opposition Papers to Motions *in Limine* (Thompson Civil Pretrial S.O. ¶ 5) | February 6, 2025 | | February 6, 2025 (no change) |
| Pretrial Conference | February 20, 2025 | | February 20, 2025 (no change) |
| Trial Briefs and Exhibits Due (Thompson Civil Pretrial S.O. ¶¶ 17, 23) | 7 days before Trial | 7 days before Trial | 7 days before Trial (no change) |
| Parties to File Exhibit and Witness Lists (Thompson Civil Pretrial S.O. ¶ 23) | 3 days before Trial | 3 days before Trial | 3 days before Trial (no change) |
| Jury Trial | March 24, 2025 – April 16, 2025 | | March 24, 2025 – April 16, 2025 (no change) |